ZACHARIAH GAMMON *versus* STEPHEN CHANDLER.

Whether a judgment, rendered by a justice of the peace, has been appealed from, must be determined from the record. Parol evidence is not admissible upon that question.

For the fees and disbursements of an attorney in obtaining a judgment for his client, he has a lien upon it; and that lien cannot be defeated by a discharge given by the client.

Such lien is effectual, though the judgment debtor had no notice that the attorney relies upon it, or even that an attorney had been employed.

*S. C. Andrews*, for the defendant.

1st. The record of the justice is not conclusive. Parol evidence should have been admitted to contradict it. *Commonwealth* v. *Bullard*, 9 Mass. 270; *Bangs* v. *Snow*, 1 Mass. 181.

2d. Presumption of law, in relation to matters of fact, may be repelled by oral testimony. *Davenport* v. *Mason*, 15 Mass. 85; *Jackson* v. *Leggett*, 7 Wend. 377; *Jackson, ex dem., Genet* v. *Wood*, 3 Wend. 27.

3d. At common law, an attorney has no lien for his costs. *Getchell* v. *Clark*, 5 Mass. 309; *Baker* v. *Cook*, 11 Mass. 236. Nor does the statute of 1821, give any rights to the attorney, but merely prohibits the officer from setting off the costs of the attorney, in cases where set-off is allowed. Rev. Stat. chap. 117, §§ 1 and 37.

4th. An attorney never has a lien upon a judgment for his costs against the adverse party, *unless* such party has notice of his lien. *Baker* v. *Cook*, 11 Mass. 236; *The People* v. *Hardenburgh*, 8 Johns. 335; *Potter, Judge, &c.* v. *Mayo &*

*als.*, 3 Greenl. 34; *Stone* v. *Hyde & al.* 22 Maine, 318; *Martin* v. *Hawks*, 15 Johns. 405.

5th. The Court will protect an attorney's lien to the same extent as the rights of an assignee. *Bradt* v. *Koon*, 4 Cowen, 416.

6th. Where a *bona fide* compromise of the suit has been made, between the plaintiff and defendant, without notice of the lien, the defendant cannot be compelled to pay the attorney his costs. *Chapman & al.* v. *How*, 1 Taunton, 341; *Pinder* v. *Morris*, 3 Caines, 165.

7th. Where a judgment is appealed from, it becomes wholly inoperative, and no execution can issue upon it; nor can it be the foundation of an action of debt. The effect is the same, if the appeal, when duly claimed, be not allowed. *Campbell* v. *Howard*, 5 Mass. 376; *Bemis* v. *Faxon*, 2 Mass. 141.

*Bennett*, for plaintiff.

Tenney, J. — This is a suit upon a judgment of a justice of the peace, upon an issue presented by the pleadings, in favor of the plaintiff, for the fees and disbursements of the attorney, by whose agency the judgment was obtained. The case comes before the Court on exceptions to the ruling of the Judge of the District Court, " upon the facts agreed by the parties," at the trial. The defence is, that no final judgment was obtained ; and parol evidence was introduced, showing that after the trial by the justice, and after a judgment was announced by him, an appeal was claimed and allowed, and subsequently, the demand embraced in the suit was settled and discharged. The copy of the record of the judgment of the justice was duly certified by him, and the Judge of the District Court disregarded the parol evidence of the appeal, and held, that final judgment having been shown by the justice's record, it was conclusive. He also ruled, that the action could be maintained for the fees and disbursements of the plaintiff's attorney in the original action, notwithstanding the discharge given by the creditor.

The attorney of the creditor, who recovers a judgment, has

a lien upon it, and upon the execution, which may issue there-
on, for his fees and disbursements in the suit; but such lien
does not attach to the claim which is the object of the suit,
till it has ripened into final judgment.   Such have· been the
decisions undei statutes in Massachusetts, substantially the
same as those of this State, enacted since separation ; and our
statute of 1821, chap. 60, sect. 4, has received a similar con-
struction.   *Baker* v. *Cook*, 11 Mass. 236 ; *Potter, Judge*, v.
*Mayo & als.* 3 Greenl. 34 ; *Stone* v. *Hyde*, 22 Maine, 318.
The Revised Statutes of this State, chap. 117, sect. 1 & 37,
recognize the same right of the attorney, and limit it to the
execution and the judgment.

Whether a final judgment has been rendered or not, must
depend upon the record of the Court, before whom the suit
was commenced.   This evidence cannot be controlled or
varied by parol testimony.   *Moody* v. *Moody*, 2 Fairf. 247 ;
*Southgate* v. *Burnham*, 1 Greenl. 396.   The copy of the
judgment of the justice, which appears in this case, shows that
his judgment was final, and that no appeal therefrom was
taken.   The creditor was entitled to his execution upon that
judgment, and the evidence relied upon by the defendant
could not impeach it.

It is insisted, that the action cannot be maintained, because
the attorney neglected for a long time to collect the costs, and
omitted to give notice to the debtor of his intention to resort
to his lien upon the judgment and execution.   The statute
having given to the attorney the lien against the debtor, with-
out any restriction, the omission to enforce it, cannot deprive
him of that right, without his consent express or implied.

The statute does not require that the attorney should give
notice to the debtor of his design to rely upon his lien in order
to retain it against the discharge of the creditor.   And in this
case, it is not necessary that it should be decided, whether
the lien is lost by such discharge, if the debtor was ignorant
that such security existed, by reason of having no knowledge,
that an attorney was employed in the suit.   By the facts
agreed in the case, the defendant had full information upon

this point. Pleadings were filed before the justice, and it is to be presumed that this was done by the attorney, when one was employed; and it further appears, that at the time of the settlement and discharge relied upon by the defendant, he lent the creditor a sum of money to enable him to make payment of the costs to the attorney, for whose benefit this action is prosecuted to obtain them.          *Exceptions overruled.*