ROBERT MCKENZIE vs. WILLIAM WARDWELL.

*Foreign statutes, if not proved, presumed same as our own.   Attorney's lien.*

The laws of other States can only be recognized by our courts when proved as
  facts.   In the absence of such proof their law will be assumed to be the same as
  our own.

An attorney's lien is not defeated by payment of the execution to the judgment
  creditor by the debtor, without the consent of the attorney.

ON EXCEPTIONS.

Action of debt upon a judgment of the superior court of Middle-
sex county, Massachusetts, in favor of McKenzie against Ward-
well, for $21.50 debt and $14.34 costs, entered up October 21,
1861.   The declaration was in the ordinary form, alleging the
judgment to be in full force and not reversed, annulled, or satisfied,
so that the plaintiff was entitled to recover " the several sums " (re-
stating them) " being in the whole " $35.34 with interest, etc.
The defendant pleaded *nul record, tiel* with a brief statement alleg-
ing payment and satisfaction of the judgment in full in 1862.   The
original debt due from Wardwell. to McKenzie was for clothing.
The account was sued before a justice of the peace of Middlesex
county, defaulted, and taken by appeal to the superior court where
the above-described judgment was obtained.   A. V. Lynde, Esq.,
was the attorney who sued the account for the plaintiff, and A. B.
Coffin, Esq., was said to be the attorney for the defendant, though
McKenzie testified, without contradiction, that Coffin did not ap-
pear before the magistrate, but that Wardwell was personally pres-
ent and took his appeal, and Coffin himself testified that he did not
enter the appeal in the superior court, but that it was there enter-
ed and the justice's judgment affirmed upon the plaintiff's petition.
Between the time of taking the appeal and the sitting of the appel-
late court, Wardwell had removed from Stoneham, Mass., where
both parties lived when the debt was incurred, to Oxford in this

State. The defendant testified that in1861 or 1862, after he came to Maine, he sent thirteen dollars in a letter " to A. B. Coffin, Esq., who was my attorney in said suit originally, to pay this demand, and subsequently, soon after, received a letter from him enclosing a receipt in full. I have lost said receipt ; have made diligent search for it two or three different times and have been unable to find it." Mr. Coffin testified that he received the letter, enclosing the money spoken of, dated Sept. 14, 1862, and settled the claim with the plaintiff in person ; and thought he took a receipt therefor and sent it to his client by mail ; adding that, since he gave a former deposition in the cause, June 18, 1870, he had found his correspondence with Wardwell, which enabled him to recollect the circumstances. Robert McKenzie, the plaintiff, deposed that the judgment had never been paid or settled, and no overtures for a settlement made to him ; that A. V. Lynde, Esq., was his attorney in that and a number of other suits and that he had paid him " considerable sums of money, but no final settlement," since the services in this case were rendered ; and that he (McK.) was the party in interest in the present suit. Mr. Lynde denied all recollection of any adjustment, made or proposed, of the judgment, and said : " I have a claim for the costs in said suit, which costs and expenses of the suit in Massachusetts have not been paid. I have no other lien or interest [in this action pending in Maine] than that which is the usual lien."

The presiding justice, among other things not excepted to, instructed the jury that if there were a settlement made as testified, yet if done without the knowledge of the plaintiff's attorney, it would not discharge the lien of that attorney upon the judgment to the amount of the costs in the former suit, and that the plaintiff would be entitled to recover such costs in the present action. The defendant requested an instruction that if it appear that the plaintiff and his attorney (Lynde) had a running, unsettled account, since the recovery of the original judgment, on which McKenzie had paid sums of money from time to time, the jury would have a right to find such payments an extinguishment of the costs of the

former suit; but the judge declined to give it, "not being of the opinion that the evidence in the case would warrant the inference that the costs had been paid, or the lien discharged." The defendant excepted to the instruction given and to the refusal to instruct. The verdict of the jury was for $24.12, being the amount of the costs of the judgment with interest accrued thereon. There was no evidence offered to show what the statutes of Massachusetts were relative to attorney's liens.

*John J. Perry,* for defendant.

This action was not brought to enforce an attorney's lien, as the plaintiff's writ plainly shows, since it contains no such statement. The plaintiff's declaration must allege and set out every material fact which constitutes the ground of his action, "so as to apprise the defendant what the plaintiff means to prove, and what must be met." *Drown* v. *Stimpson,* 2 Mass. 441 ; *Colt* v. *Root,* 17 Mass. 229; *Baker* v. *Fuller,* 21 Pick. 520 ; *Fairbanks* v. *Stanley,* 18 Maine, 296 ; *Berry* v. *Stinson,* 23 Maine, 140 ; *Eustis* v. *Kidder,* 26 Maine, 96 ; *Herrick* v. *Osborn,* 39 Maine, 231; Story on Pl. 34.

The plaintiff sues to recover a judgment which he alleges to be unsatisfied; and he claims to recover the several sums named, as well the $21.50 debt as the $14.24 costs.

The instruction was to find a verdict in favor of a person not named in the writ and who had no standing in court. "The parties should be ascertained in the declaration; in order to show that the plaintiff is the party entitled to recover." Story on Pl. (2d ed.) 34, 35.

To recover an attorney's lien it must be declared upon in the writ. The cause of action must be so stated that the record may show what is passed upon. *Ib.*

An attorney's lien is purely a creature of statute. *Getchell* v. *Clark,* 5 Mass. 309; *Baker* v. *Cook,* 11 Mass. 236 ; *Stone* v. *Hyde,* 22 Maine, 318.

To enforce statute liens, "the nature of the claim must appear in the writ itself. *Bath* v. *Freeport,* 5 Mass. 325 ; *Soper* v. *Harvard*

*College,* 1 Pick. 177 ; *Hall* v. *Bumstead,* 20 Pick. 2 ; *McNally* v. *Kerswell,* 37 Maine, 550 ; *Perkins* v. *Pike,* 42 Maine, 141.

The attorney's lien in the present case accrued in Massachusetts and the judgment was settled there. Hence its law governs. That law is that the lien shall not prevent payment of the execution to the judgment creditor without notice of the lien. Gen'l Stats. of Mass. c. 121, § 37 ; 1 Greenl. on Ev. pp. 537–539. A lien given by a Massachusetts statute is not enforceable here. *Lovejoy* v. *Albee,* 33 Maine, 414. Our statute giving an attorney a lien is confined to judgments recovered here. R. S. of 1857, c. 84, § 27 ; *Gammon* v. *Chandler,* 30 Maine, 152 ; *Hobson* v. *Watson,* 34 Maine, 20 ; *Cooley* v. *Patterson,* 52 Maine, 472.

McKenzie testified that he was the party in interest in the present action.

After the judge had instructed the jury, as matter of law, that Lynde had a lien, he also passed upon the fact, and refused to let the jury say whether or not it had been settled, " being of opinion that the evidence would not warrant the inference that the costs had been paid or the lien discharged." This was a question for the jury. The " considerable sums" paid since it accrued would discharge the lien, and must be so appropriated. *Milliken* v. *Tufts,* 31 Maine, 497 ; *Thurlow* v. *Gilman,* 40 Maine, 378 ; *Cushing* v. *Wyman,* 44 Maine, 121 ; *Lambert* v. *Winslow,* 48 Maine, 196.

*S. C. Andrews,* for plaintiff, cited *Baker* v. *Cook,* 11 Mass. 236 ; *Duncklee* v. *Locke,* 13 Mass. 525 ; *Stone* v. *Hyde,* 22 Maine, 318 ; *Gammon* v. *Chandler,* 30 Maine, 152 ; *Ocean Insurance Co.* v. *Rider,* 22 Pick. 210 ; *Woods* v. *Verry,* 4 Gray, 357.

DANFORTH, J. It is a well-settled principle that the laws of other States can be recognized by our courts only when proved as a matter of fact. In the absence of such proof the law will be assumed to be the same as our own.

The attorney who recovered the original judgment in the action at bar, testifies that he had a lien thereon for his costs.

This lien could not be defeated by a payment to and discharge by the plaintiff in the suit. *Newbert* v. *Cunningham*, 50 Maine,. 231.

The ruling of the presiding justice was in accordance with the law of this State, and no testimony was offered to show that any different rule prevailed in Massachusetts.

*Exceptions overruled.*

APPLETON, C. J. ; CUTTING, WALTON, and BARROWS, JJ., concurred.