## ENOCH CUNNINGHAM *v.* D. A. McGRADY.

1. JUDGMENT. *Assignment of. Attorney's lien for fee.* The assignee of a judgment takes the equitable title, subject to a lien which an attorney may have on the same for his reasonable fee.

Case cited: Hurst *v.* Means, 2 Sneed, 546.

2. SAME. *Same. Warranty of title implied.* The assignor of a judgment, who sells it for a valuable consideration, gives an implied warranty of title, and if there is a lien or incumbrance on it, he is bound to remove it, unless he relieves himself by contract.

See Perkins *v.* Perkins, 9 Heis., page 95.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

DEMOSS & MALONE for Cunningham.

GUILD & SMITH for McGrady.

DEADERICK, J., delivered the opinion of the Court.

In November, 1865, McGrady obtained a decree in the Chancery Court of Davidson County against Samuel Watkins, for $3,350, with interest from that date.

On the 11th of January, 1867, McGrady transferred, by written assignment, to Cunningham one-half of said judgment, specifying the date and amount. And on the 10th of October, 1867, he transferred, by written assignment, the other half of said judgment to Cunningham. The decree had been obtained by Francis B. Fogg, as solicitor for McGrady, and for

his compensation as such, he was entitled to $250, and had a lien on the judgment for its satisfaction. When the first half of the judgment was assigned nothing was said by either party about the existence of said lien; but when the assignment of the second half was made, Cunningham says, in his deposition, that McGrady told him that he had paid Mr. Fogg's fee. This, however, is denied by McGrady, who says in his deposition that nothing was said about the fee. McGrady also says that some short time after the second assignment, Cunningham called upon him, and said that he could not get paid on the first assignment until Mr. Fogg's fee was paid; that he had no idea that the fees would have been more than $50, and that he thought McGrady ought to pay the fees. McGrady says that he refused to pay the fees, telling Cunningham that he had nothing to do with it. Thereupon Cunningham paid the fee of $250 to Mr. Fogg, and brought this suit against McGrady, to recover the money back.

The case was submitted to the Court without the intervention of a jury, and the Judge, upon the facts stated, held that McGrady was not responsible. From this judgment Cunningham has appealed to this Court.

It is clear that Cunningham took the equitable title to the judgment, subject to Mr. Fogg's lien, for his compensation. *Hurst* v. *Means*, 2 Sneed, 546. He could not receive the money upon the judgment, without first satisfying the lien thereon. Whether or not he is entitled to recover from McGrady the

Enoch Cunningham *v.* D. A. McGrady.

amount paid to Mr. Fogg depends upon the character of the contract by which he purchased the judgment.

By the sale of the judgment by McGrady to Cunningham there was an implied warranty of title, and if there was a lien or an incumbrance on the judgment, McGrady was bound to remove that incumbrance, unless there was something in the contract by which Cunningham was bound to remove it. We infer from the proof in the case that Cunningham, in estimating the amount that he was willing to pay for the judgment, took into consideration that there was a fee to be paid to Mr. Fogg. It appears that he discounted the judgment at eighteen per cent., and when he called upon McGrady about Mr. Fogg's fee, he expressed no unwillingness to pay a fee of $50, but as the fee was $250, he thought McGrady ought to pay it.

We think it clear, from this proof, which is uncontradicted, that Cunningham purchased the judgment with the understanding that Mr. Fogg's fee was to be paid by him. We are, therefore, of opinion that the judgment of the Circuit Court is correct, and we affirm it.