Sharp *et al. v.* Malia *et al.*

right to recover was established, the judgment for the defendant was right.

Judgment affirmed, with costs.

Filed June 20, 1890.

---

No. 14,362.

## SHARP ET AL. *v.* MALIA ET AL.

'SPECIAL FINDING.—*Motion to Strike Out Parts of.—New Trial.*—A motion to strike out parts of a special finding is not authorized by any rule of practice. Where the court fails to find all the facts proven, or finds the facts contrary to the evidence, the remedy is by motion for a new trial.

COUNTY COMMISSIONERS.—*Drainage Proceedings.—Appeal.—Remanding of Cause.*—Where the appeal from the board of commissioners to the circuit court involves a particular matter embraced in one or more issues, it is the duty of the circuit court to try such matter *de novo*, and to render a final judgment thereon, after which the cause may be remanded to the board of commissioners for further proceedings in accordance with the judgment. Where, therefore, on appeal the questions for trial are the utility of a ditch and the legality of the order establishing it, and the circuit court upon a trial *de novo* finds in favor of the petitioners on the question of utility, and in favor of the appellants as to the other question, it has the right to remand the cause to the board, with directions to proceed according to its judgment.

| | |
|---|---|
| 124 | 407 |
| 134 | 605 |
| 135 | 610 |
| 136 | 365 |
| 124 | 407 |
| 138 | 112 |
| 124 | 407 |
| 140 | 294 |
| 124 | 407 |
| 145 | 269 |
| 124 | 407 |
| 148 | 150 |
| 148 | 237 |
| 152 | 365 |
| 124 | 407 |
| 155 | 180 |
| 124 | 407 |
| 158 | 447 |
| 124 | 407 |
| 159 | 241 |
| 124 | 407 |
| 160 | 113 |
| 124 | 407 |
| 167 | 30 |
| f168 | 50 |
| 124 | 407 |
| 171 | 11 |

From the Pulaski Circuit Court.

*N. L. Agnew* and *B. Borders,* for appellants.

COFFEY, J.—This was a proceeding before the board of commissioners of Pulaski county to establish and construct a public ditch.

Such proceedings were had before the board that it ordered the establishment and construction of the ditch for which the petitioners prayed, from which order the appellants here appealed to the circuit court. In the circuit court the cause was tried by the court, which made a special finding of the facts and stated its conclusions of law thereon.

It appears from the special finding of facts that, on the 27th day of August, 1887, the appellees in this case filed with the auditor of Pulaski county a petition praying for the location of a public ditch in Jefferson township in said county, giving a description of the beginning, course and terminus of the same. At the September term of the board of commissioners of said county it appointed viewers to view and locate said ditch, if found of public benefit and utility. Said viewers filed their report in the auditor's office on the 29th day of October, 1887. The report found that the ditch would be of public benefit and utility, and it discloses the fact that the viewers located the same, and performed such other duties as were required of them by law. The ditch as located by the viewers passed through the lands of Mary J. Osgood and D. H. Price, among other land-owners, but neither the said Osgood nor the said Price was made a party to the proceeding to establish said ditch, by notice or otherwise. The court further found that said proposed ditch would be of public utility.

Upon these facts the court stated as a conclusion of law that the order of the board of commissioners of Pulaski county accepting the report of the viewers and establishing the ditch was irregular, erroneous and void.

Upon filing the special finding and conclusions of law thereon, the appellants moved the court to strike out so much of the special finding as related to the utility of the ditch, which motion was overruled.

The court thereupon entered judgment in favor of the appellants for their costs, and setting aside the order of the board of commissioners of Pulaski county establishing said ditch, and ordered the cause certified back to the board of commissioners for their action according to law.

The appellants moved the court to modify the judgment by striking therefrom so much as related to setting aside the order of the board of commissioners, and ordering the cause certified back for further action of said board, leaving a

simple judgment in favor of the appellants for costs. This motion was overruled, and the appellants excepted.

We are not favored with a brief by the appellees, and for that reason we are not informed as to the ground upon which the circuit court based its rulings in their favor.

We are not advised of any rule of practice which authorizes a motion to strike out parts of a special finding of facts. Should the court fail to find all the facts proven, or find the facts contrary to the evidence, the remedy is by motion for a new trial. *Levy* v. *Chittenden,* 120 Ind. 37.

If the court should find facts not involved in the issues, such facts would be disregarded, but no error could be predicated upon a motion to strike out part of the finding. The court did not err in this case in overruling the motion to strike out part of the special finding.

The only remaining question presented by the record for our consideration relates to the action of the court in remanding the cause to the board of commissioners for further action by that body.

It appears by the record that no final action had been taken by the board of commissioners at the time this appeal was taken. The viewers, for some reason not disclosed in the record, failed to mention in their report the names of two of the land-owners over whose land the ditch passed, and as a result they were not notified of the proceedings by the county auditor. Between the date of the order accepting and approving the report of the viewers, and the time fixed for the final report, this appeal was taken to the circuit court. As the report of the viewers did not contain the names of all the owners over whose land the ditch passed, it was error in the board to approve it and establish the ditch, but as the matter had not passed from their control, the question is, had the circuit court, when setting aside such erroneous order, the power to remand the case for further proceedings?

In the statute governing appeals from the board of commissioners to the circuit court, it is provided that " Such

court shall make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises." Section 5778,R.S.1881.

In the case of *McPherson* v. *Leathers*, 29 Ind. 65, and in the case of *Mandlove* v. *Pavy*, 33 Ind. 505, it was held that the circuit court could not remand a cause to the board of commissioners for trial and determination, but must finally determine it as an original action.

In the case of *Hardy* v. *McKinney*, 107 Ind. 364, the power of the circuit court to remand a cause to the board of commissioners was not denied, but it was held that the court before remanding such cause should try it *de novo* and render the proper judgment.

In the case of *Sunier* v. *Miller*, 105 Ind. 393, after quoting the provisions of the statute above set out, this court said : " The effect of such statute is to confer a very broad discretion upon the circuit court."

The case of *Bryan* v. *Moore*, 81 Ind. 9, is, in its facts, similar to the case before us. In that case the appellees filed a petition for the establishment of a ditch. Upon a trial the board of commissioners found that the proposed ditch was not of public utility, and dismissed the petition. Upon appeal to the circuit court the cause was tried by a jury who returned a verdict, to the effect that the ditch, if constructed, would be of public utility. Thereupon the court adjudged that the ditch was of public utility, and ordered that the cause be certified back to the board of commissioners with directions to appoint appraisers, as required by law. This court, in commenting upon the action of the circuit court, said : " The court did not err, we think, in overruling appellant's motion to modify the judgment by striking out these words, ' and this cause is ordered to be certified to the board of commissioners, with directions to appoint appraisers.' " After quoting the statute above set

out, the court said : " It will be seen from this section of the statute, that the judgment of the court, in the particular complained of, was fully authorized by law, and we think that it was peculiarly the right and proper judgment in the case at bar."

The rule to be deduced from all these cases would seem to be that where the appeal involves a particular matter embraced in one or more issues, it is the duty of the circuit court to try such matter *de novo* and to render a final judgment thereon, after which the cause may be remanded to the board of commissioners for further proceedings in accordance with such judgment.

In proceedings of this kind the board of commissioners acquires jurisdiction over the subject-matter by the filing of the petition.   It acquires jurisdiction over the parties interested by the report of the viewers, and the statutory notice issued by the auditor on such report.   The questions for trial, on appeal, in this case, were the questions of utility and the legality of the order of the board in establishing the ditch.   These questions were tried by the court *de novo* and it found in favor of the petitioners on the question of utility, and in favor of the appellants on the other question, and thereupon entered a final judgment setting aside the order of the county board establishing the ditch.   This was a final disposition of all the questions involved in the appeal. It would have been more formal had the court remanded the cause with directions to appoint new viewers or to refer the matter to the old ones, but the appellants did not move to modify the judgment in this respect.   The motion of the appellants called in question the right to remand the cause in any event.   The court, we think, did right in overruling this motion.   The circuit court having tried and finally determined all the questions involved in the appeal, had the right to remand the cause to the board of commissioners with directions to proceed according to its judgment.

Judgment affirmed.

Filed June 20, 1890.