WILLIAM J. YATES, APPELLANT, V. MARTIN E. KIN-
NEY ET AL., APPELLEES.

[FILED JANUARY 27, 1892.]

1. **Judgments**: INJUNCTION: AGREEMENT, by virtue of which a
   judgment of the district court is sought to be perpetually en-
   joined, construed, and *held*, not to include settlement or satisfac-
   tion of the judgment in controversy.

2. ———: ASSIGNEE TAKES SUBJECT TO ATTORNEY'S LIEN. The
   assignee of a judgment takes it subject to the rights of an
   attorney who has filed a lien in due form for services rendered
   in procuring such judgment.

APPEAL from the district court for Fillmore county.
Heard below before MORRIS, J.

*F. B. Donisthorpe,* for appellant, cited: *Johnson v.
Boice,* 4 S. Rep. [La.], 163; *Wardell v. Eden,* 2 Johns.
Cas. [N. Y.], 258; *Oliver v. Sheeley,* 11 Neb., 522; *Little
v. Giles,* 27 Id., 179.

*Maule & Sloan, contra.*

POST, J.

Prior to the 14th day of October, 1884, the defendant
Kinney was in possession of the north half of section 30,
township 6, range 2, in Fillmore county, as tenant of the
plaintiff. During all of the time between the date named
above and the 16th day of May, 1888, said parties were
engaged in litigation with each other. It is necessary to
make mention in this connection of some of their conten-
tions, for reasons which will hereafter appear. First,
plaintiff filed his bill in equity to restrain defendant
Kinney from removing certain corn from the premises
named. This case terminated in a judgment for the de-
fendant in the district court, which was affirmed on appeal

by this court. (19 Neb., 275.) During the pendency of that action the defendant Kinney removed a portion of the corn in controversy, for which he was arrested on the charge of larceny on the complaint of plaintiff. On a hearing on said charge he was discharged. He thereupon commenced an action against plaintiff for malicious prosecution, and recovered judgment in said action for $200. Plaintiff filed his petition in error in this court for the purpose of having said judgment reviewed, and at the December, 1888, term it was affirmed. (25 Neb., 120.)

On June 12, 1886, J. P. Maule filed an attorney's lien against said judgment for $100 on account of services rendered in said case, and on the 15th day of December, 1888, he filed an additional lien for $136.35, and on the 17th day of the same month the defendant Rushton filed a lien for $45 for services as an attorney in the same case. On the 16th day of May, 1888, the plaintiff and said Kinney entered into a written agreement, of which the following is a copy:

"To whom it may concern: Know ye, that in consideration of the sum of $60 paid unto Martin E. Kinney by William J. Yates, both of Fillmore county and state of Nebraska, the receipt whereof is hereby acknowledged, that all differences as existing, and all claims as from one against the other of said parties, are hereby settled in full, as pertaining to the taking of certain corn by William J. Yates belonging to said Martin E. Kinney some time during the close of the year 1884 and the commencement of the year 1885, and this is in settlement in full of all matters arising out of the same.

"Dated this 16th day of May, A. D. 1888.

"MARTIN E. KINNEY.
"Witness:                    WILLIAM J. YATES.
    "F. B. DONISTHORPE.
    "W. C. SLOAN."

On the 21st day of December, 1888, the defendant Geo. D. Noble filed in the office of the clerk of the district court of Fillmore county a paper purporting to be an assignment of said judgment by Kinney to himself dated August 4, 1887. And on the 7th day of May, 1889, the defendants Rushton and Sloan, as attorneys for said Noble, caused an execution to be issued to satisfy said judgment, and placed in the hands of the defendant Carson, as sheriff of said county, who by virtue thereof levied upon certain property of the plaintiff. Plaintiff by this action seeks to have defendant restrained from collecting the judgment aforesaid. He also alleges that he is the owner of certain real estate in said county on which said judgment is an apparent lien, and asks to have it declared to be paid and satisfied. He joins as defendants the said Martin E. Kinney, Geo. D. Noble, J. H. Rushton, Chas. H. Sloan, and W. I. Carson, sheriff. In his petition he charges that on the 16th day of May, 1888, he and the said Kinney entered into a written agreement by which, in consideration of $60 paid by him to said Kinney, they settled and adjusted all differences between them and all claims one against the other, including the action for malicious prosecution, which was at said time pending and undetermined in this court. He further charges that at the time he made said settlement with Kinney he had no notice that the defendant Rushton made any claim to a lien on the judgment against him. He further alleges, and which is not denied, that on the 17th day of December, 1888, in consideration of $100 paid him, said J. P. Maule released and satisfied of record both of the liens claimed by him. Kinney filed his separate answer, in which he practically confesses the bill of plaintiff. Since he denies the assignment of the judgment to Noble and disclaims any interest in the subject of the suit. He also says "that his understanding was long ago that this matter pertaining to said case was settled." The other defendants join in an answer

in which they specifically deny that the action for malicious prosecution was settled by the plaintiff and said Kinney, and allege that on the 4th day of August, 1887, said Kinney sold and assigned said judgment to the defendant Noble, of which plaintiff had notice, and that defendant Rushton has an attorney's lien on said judgment amounting to $45.

On the hearing before the district court plaintiff introduced the foregoing written agreement signed by himself and Martin E. Kinney, and testified in his own behalf that at the time of the alleged settlement he had no knowledge of the claim of Rushton against the said judgment, and rested. The assignment of the judgment by Kinney to Noble is clearly established by the uncontradicted testimony of the latter, hence the only material question in controversy is the alleged settlement. It requires no argument to sustain the proposition that Noble has the right to enforce collection of the judgment, unless that matter was included in the settlement between plaintiff and Kinney and the consideration thereof, $60, paid without notice of the assignment. Plaintiff evidently assumed that the written agreement should be construed to include the suit for malicious prosecution and the judgment against him in said action. The agreement in question will not bear such a construction. The latter part of the contract evidently limits its application to claims for the taking of certain corn by plaintiff belonging to said Kinney. There being a failure of proof upon the material issue, plaintiff is not entitled to have the judgment enjoined.

There remains one question which is presented by the pleadings. Maule's first lien for $100, it is admitted, was duly filed and notice thereof given long previous to the assignment of the judgment to Noble. Plaintiff was therefore bound to pay and satisfy said lien, notwithstanding the assignment of the judgment to Noble, and he should accordingly be credited with the $100 paid in satis-

faction thereof. (*Aspinwall v. Sabin,* 22 Neb., 77.)   With this modification the decree of the district court will be

AFFIRMED.

THE other judges concur.