GEORGE WETHERBY *et al. vs.* L. E. WEAVER *et al.*

Submitted on briefs June 1, 1892.   Decided Aug. 22, 1892.

**Complaint Insufficient.**

> *Held,* that the complaint herein does not state facts sufficient to constitute a cause of action.

Appeal by T. R. Foley, one of the defendants, from an order of the District Court of Crow Wing County, *Holland,* J., made August 28, 1891, overruling his demurrer to the complaint.

This action was brought by George Wetherby, J. N. True, and J. H. Warner, partners as Wetherby, True & Warner, against L. E. Weaver and T. R. Foley.

The complaint alleged that the plaintiffs were partners doing business as attorneys at law. That in March, 1890, the defendant T. R. Foley and one J. W. Ryan entered into a written contract, by which Ryan agreed to drive and raft two million feet of pine logs owned by Foley, for which he was to receive from Foley the sum of $4.50 per thousand. The amount due to laborers for wages in driving and rafting the logs, Foley was to pay out of the contract price before paying anything to Ryan.   That in April, May, and June, 1890, a large number of laborers, at the request of both Foley and Ryan, performed work and labor in driving and rafting the logs, and that on June 24, 1890, there was due these laborers the sum of $1,397.61.   That on that day each of the laborers employed the plaintiffs as his attorneys and counsel in the matter, and they filed his lien for the amount due him. That after the liens were filed, each of the laborers assigned in writing to said Weaver and Egan the claim due him, and the lien therefor.   That Weaver and Egan, as the assignees of each of the laborers, began an action in the District Court of Hennepin county, prior to September 1, 1890, to foreclose the liens, which said action is still pending.   That all professional work in drafting the liens and assignments and in conducting the action, was done by plaintiffs, as attorneys for the laborers, and for Weaver and Egan as assignees.   That in 1891, plaintiffs, as such attorneys, brought an ac-

tion in the District Court of Crow Wing county, in the names of Weaver and Egan, to recover judgment against Ryan for such indebtedness; and in said action began garnishment proceedings against Foley. That on June 6, 1891, judgment was docketed in said action against Ryan, for $1,493.13, damages and costs, which sum embraces only the sums due the laborers. That Weaver and Egan, as such assignees, in June, 1890, entered into a contract with plaintiffs by which plaintiffs were to have and retain, as compensation for their services, one-half of all judgments, rights, moneys, and property recovered on account of the indebtedness to the laborers, and that an express and agreed lien upon all the claims and indebtedness was then and there created, and agreed upon, in favor of the plaintiffs to secure the payment of their half of the judgment. That Foley was, on May 28, 1891, notified by plaintiffs of their rights and liens; and that there was due plaintiffs, for their services, and costs, $837.01. That Foley, well knowing all the facts, on June 13, 1891, fraudulently conspired and colluded with Weaver, and procured from him an assignment of the judgment, and of all claims and demands against Ryan, and a full release of all liens filed, and that Foley immediately converted the whole of said rights and property so assigned to him, to his own use and benefit. That by reason of the facts plaintiffs have been damaged in the sum of $839.45.

The defendant Foley demurred, on the ground that the facts stated did not constitute a cause of action against him. The demurrer was overruled, and Foley appeals.

*A. Y. Merrill,* for appellant.

*Wetherby, True & Warner,* for respondents.

PER CURIAM. If it were possible to hold that the complaint in this action is not demurrable, it ought, at least, to be subjected to a corrective process, which would put it into shape, so that the court, as well as the defendants, might know what the cause of action is upon which plaintiffs attempt to recover. While it contains an allegation that plaintiffs, as attorneys, were to have a lien for their services "on all judgments, rights, moneys, and properties recovered on account of said indebtedness due said manual laborers," yet, in

view of the further allegation that this was "subsequently solely embraced in and represented by said judgment,"—the judgment in favor of Weaver & Egan,—all that the complaint amounts to is that those plaintiffs had a lien on that judgment, and that defendant Foley, with notice of the fact, took an assignment of it from Weaver, one of the judgment creditors, to himself. This constitutes no cause of action against Foley. It is not alleged that the latter has ever released the judgment, or collected any part of it, or in any manner refused to recognize plaintiffs' rights in it. If all that the complaint alleges be true, he merely holds the judgment, or rather Weaver's interest therein, subject to plaintiffs' lien. There is something said in the pleadings about Foley's having procured the release of a lien on some logs, which, we may perhaps infer, was security for the payment of the judgment; but it is nowhere alleged that plaintiffs have been damaged thereby, or that the judgment is uncollectible. The complaint does not state a cause of action.

Order reversed.

(Opinion published 52 N. W. Rep. 970.)