## FOSTER v. DANFORTH.

(Circuit Court, D. Vermont. February 19, 1894.)

1. ATTORNEY AND CLIENT—LIEN—SATISFACTION OF JUDGMENT INTER PARTES.

The satisfaction of a judgment between the parties cannot prejudice the lien of the attorney for services rendered in the procurement of such judgment; and execution may issue, notwithstanding, for the balance due him.

2. SAME—ATTORNEY OF RECORD—ASSISTANTS.

Such lien exists, however, only in favor of the attorney of record recognized as such by the rules of the court in which he brings the suit, and its benefit does not extend to attorneys employed to advise and assist him.

3. SAME—LIEN—COLLATERAL AGREEMENT.

In the settlement of certain suits, it was agreed that the fees of the attorney for the plaintiffs should be included in the compensation to be received by him in a suit which he was to bring on behalf of the defendant therein, in case judgment should be in his favor. Judgment was duly recovered, and the attorney claimed a lien thereon for his compensation, including the fees in the former suits. *Held*, that these fees were not due, in respect of the judgment recovered, and the collateral agreement under which they were to be paid created no lien on such judgment.

At Law. Audita querela sued out by William Foster, Jr., against Ammi L. Danforth. Judgment for defendant as to part, and for plaintiff as to the residue.

F. G. Swinington, for plaintiff.

Charles H. Darling, for Mason and Sheldon.

WHEELER, District Judge. This is an audita querela brought to set aside an execution issued on a judgment recovered in this court by Savage & Danforth, of whom the defendant is survivor, against the plaintiff, because the judgment has been satisfied between the parties. Charles H. Mason, Esq., the attorney of record of Savage & Danforth from the beginning, asserts a lien upon the judgment for his charges and disbursements, and opposes setting aside the execution without satisfaction of his lien. William B. Sheldon, Esq., who was employed by Savage & Danforth to assist about a suit in their favor against the New York, Rutland & Montreal Railway Company upon the judgment in which the suit in which this judgment was recovered is founded, and Stewart & Wilds, of whom Charles M. Wilds, Esq., was employed, in behalf of Savage & Danforth, to assist about the trial of the latter suit, have made similar claims, all of which have, by agreement of parties, been referred to Hon. Lavant M. Read, who has made report.

That the attorney in a suit has such a lien for his charges and disbursements in that suit, which the court will protect against proceedings of the parties in avoidance of it, seems to be well settled, especially in this state. Bac. Abr. "Attorney," F; Mont. Liens, 59, 63; Welsh v. Hole, 1 Doug. 238; Griffin v. Eyles, 1 H. Bl. 122; Machine Co. v. Boutelle, 56 Vt. 570. The report shows that Mr. Mason's services in the suit were reasonably worth $2,000, that his disbursements amounted to $593.14, making $2,593.14, of which he has been paid $88.91, leaving $2,504.23, of which $326.43 accrued

after the settlement between the parties, for what was warrantably done, and could not have been warrantably omitted, to protect the judgment then pending on writ of error. Under these circumstances, these latter charges appear to be as recoverable, and to attach as well to the judgment, as any of them. Upon principle and authority, the execution should remain sufficiently in force for the collection of this balance by the attorney.

Mr. Mason had before prosecuted a great number of suits for laborers against Savage & Danforth, which they settled, paying him his taxable costs, and agreeing that, "if they should recover in their suit against the railway company, his fees should be sufficient to include pay for his services in said labor suits," which the report finds to have been worth $500; and that amount is claimed, therefore, here. But the sum of $2,000 covers all that the services in procuring this judgment were reasonably worth. Those services were not rendered in that suit, nor for Savage & Danforth in any suit, but for the laborers in suits against them. The agreement to include pay for them with the fees in the suit for Savage & Danforth is argued to have been a mere mode of fixing compensation for services in that suit. It was, however, in reality, a mode of providing compensation for services done for the laborers by adding it to that for services in the suit. The right to charge for those services depends wholly upon the collateral agreement of Savage & Danforth, which could not make what was wholly foreign to that suit a charge upon the judgment. A lien on a judgment extends only to services and disbursements in that suit, although a lien on papers may extend to all services as an attorney, which, however, might not reach those assumed for others. Machine Co. v. Boutelle, 56 Vt. 570. Liens depend, not only upon agreement or employment, but upon possession or control. Lickbarrow v. Mason, 6 East, 27; Mont. Liens, 4. An attorney has, by virtue of his office, and of the control given him by the court, possession and control of the case of his client, which will be protected by the court, and cannot be displaced by the client without payment of his fees and disbursements in the case. Bac. Abr. "Attorney," E; In re Paschal, 10 Wall. 483. This possession and control do not appertain to counsel or attorneys employed to advise and assist, as Mr. Sheldon and Mr. Wilds were; but only to the attorney of record bringing the suit, as recognized by the rules and practice of the court to be such, while he so continues, or to another substituted in that place. They have not the possession and control necessary for upholding a lien, as he has, but must depend upon those who employ them for their pay. The question in cases like this is not whether, or how much, they should be paid, but whether they have a lien paramount to the right of the party. Here, however, the parties have stipulated that the judgment shall include $600 for Stewart & Wilds, making $3,104.23, for which the judgment and execution are to stand. Judgment for defendant as to $3,104.23 of judgment and execution, with costs, and for the plaintiff that the balance be set aside, without costs.