No. 2,167.

## VAN VALKENBURGH ET AL. *v.* DEAN.

PRACTICE.—*Special Finding.—Motion to Strike Out.—New Trial.*—
A motion to strike out parts of a special finding is not authorized
under our practice. The remedy, when the court finds facts con-
trary to the evidence, is by motion for new trial.

EVIDENCE.—*Presumption.—Burden of Proof.—Contract in Restraint
of Trade.—Damages.*—In an action for damages, for breach of a
contract in restraint of trade, it will be presumed, in the absence of
a finding to the contrary, that plaintiff continued in the business to
which the contract related, and the burden is on the defendant to
show that plaintiff voluntarily abandoned the operation thereof.

SPECIAL FINDING. —*Measure of Damages.—Contract.—Restraint of
Trade.*—Where the court finds that plaintiff's tools, in an action for
damages for breach of a contract in restraint of trade, were worth
$150 prior to the breach, and that immediately after such breach
they were worth only $100, and found that the plaintiff was dam-
aged in the sum of $50, it cannot be conclusively presumed that
the court took the difference in the value of the tools as the meas-
ure of damages.

SAME.—*Outside of Issues.—When Regarded as Surplusage.*—Find-
ings without the issues will be regarded as surplusage, where
enough are left upon which the judgment may stand.

SAME.—*Signing by Judge.*—Where the conclusions of law immedi-
ately follow the special findings of fact, the signature of the judge
after the conclusions of law is a sufficient signing of the finding of
facts.

From the Madison Circuit Court.

*Greenlee & Call*, for appellants.

*Perkins & Behymer*, and *W. A Kittinger*, for
appellee.

REINHARD, J.—Appellee alleges, in his complaint,
that, in October, 1894, he and the appellants were en-
gaged in the business of raising and moving buildings
in the city of Elwood, Indiana, under separate firms,
and were competitors in said business, at said place;

that, at said time, appellants sold their tools and appliances for carrying on said business, together with the good will of their said business, to the appellee, for $30.00, and it was agreed between them that appellants were not to compete in said business with appellee, or any person or persons to whom appellee might sell his interest in said business, and that appellants, in consideration of said purchase-price expressly agreed that appellants were not to carry on said business in said city, in competition with appellee, or his assigns, so long as appellee was engaged in said business; that appellee fully paid said purchase-price, and performed his part of said agreement in every particular; that appellee has been, ever since that time, and now is, engaged in carrying on said business in said city of Elwood, but appellants, in violation of their said agreement, have bought and manufactured a new set of tools and appliances for that purpose, and are engaged in moving and raising buildings in said city, in competition with appellee; that appellants, in violation of their agreement, have bid on work in that line and in competition with appellee at much lower prices than the work could be done for at any profit, thereby securing the work bid on, and causing appellee to lose said business; that since that time appellee has had opportunity to sell, and had, in fact, sold his tools and the good will of said business to a *bona fide* purchaser for $200.00, to be paid in cash, but upon investigation the customer discovered that appellants were engaged in the same business, and when he learned that fact he refused to complete the contract of purchase, thereby causing appellee to lose such sale, to his damage $200.00; that by reason of loss of work, taken away by such competition, in violation of said contract, appellee has been damaged $200.00; that the acts of appellants, in violation of said agree-

ment, are, and continue to be, an injury to and interfere with appellee's said business and prevents its establishment, and tends to greatly reduce his profits. Wherefore, etc.

Issues having been joined, the cause was submitted to the court for trial, and, at appellants' request, there was a special finding and conclusions of law thereon.

The first assignment of errors is that the court erred in overruling the appellants' motion to strike out paragraphs four and six of the special findings. Under our practice, a motion to strike out parts of a special finding is not authorized. The remedy, when the court fails to find all the facts, or finds facts contrary to the evidence, is by motion for a new trial. *Sharp* v. *Malia*, 124 Ind. 407.

The next specification of error challenges the correctness of the court's conclusion of law upon the special findings.

We do not think the special findings open to the objection that they fail to show that appellants continued to conduct their business for any length of time after they sold out to appellee, or that it appears that appellee voluntarily ceased to conduct his business at any time after his purchase. In the absence of any finding to the contrary, it will be presumed that appellee continued in the business, and the burden would be on the appellants to show that appellee voluntarily abandoned the operation thereof. The fifth finding discloses that within a few days after the appellants had sold to appellee their tools, etc., the appellants, in violation of their contract, bought a new outfit of house-moving tools, and went into competition with appellee in the city of Elwood, and began bidding against appellee for work in said business, and taking, filling, and performing contracts for house

moving, and moved houses for pay in said city, in competition with appellee, and that appellants have so continued to take contracts for and are moving houses in said city ever since, and up to this date. This, we think, is sufficient to show a violation of appellants' contract.

Nor can we say that the court applied a wrong rule in measuring the damages. It is true, the court finds that the appellee's tools, prior to the breach, were worth $150.00, while immediately after said violation of the contract they were only worth $100.00. The appellants' counsel contend that as the court found the damages to be $50.00, it must have taken the difference between the value of the tools before and after the breach to be the measure of damages. Assuming, without deciding, that this would not be the proper measure of the appellee's damages, we do not think it conclusively follows, from the above mentioned finding that the court adopted the method referred to as the criterion by which it measured appellee's loss.

There is a finding that the appellee has sustained a damage by the violation of the contract, in the sum of $50.00. When the entire findings are considered as a whole, we think it fairly appears from them, independently of the finding with reference to the deterioration of the value of the tools, that the appellee's loss from the breach of contract was $50.00. Hence we are of the opinion that the judgment can be sustained, if we disregard the finding touching upon the value of such tools.

Another specification of error arises from the overruling of appellants' motion for a *venire de novo.* The grounds for this motion are: First, that the findings are without the issues; and, second, that the special findings were not signed by the judge.

If there are some findings not within the issues, and by disregarding these there is still enough left upon which the judgment may be upheld, the court will disregard the portion outside of the issues as surplusage. This, we think, is true of the findings before us.

As to the failure of the judge to sign the findings, it is proper to say that the signature appears after the conclusions of law, although not at the end of the findings proper. As was said by the Supreme Court in a recent case: "No good reason is perceived why the signature of the judge may not follow the conclusions of law and constitute a sufficient signing by him of the special finding." *Ferris* v. *Udell*, 139 Ind. 579 (593).

Judgment affirmed.