## PETERSON ET AL. v. STRUBY.

[No. 3,044. Filed March 13, 1900. Rehearing denied June 5, 1900.]

ATTORNEY AND CLIENT.—*Lien for Fees.*—*Judgments.*—Attorneys at law successfully prosecuted an action for their client, and filed a lien on the judgment for their stipulated fee, and, thereafter, the client, without the knowledge or consent of the attorneys, assigned the judgment to a third party without consideration; later, the assignee of the judgment, without the knowledge or consent of the attorneys, and without consideration, satisfied the judgment of record. *Held,* that the lien was in no way affected by the transaction, and that the assignee did not become personally liable to the attorneys. *pp. 21-25.*

APPEAL.—*Assignment of Errors.*—An assignment of errors, that "the court erred in its special findings thirteen, fifteen, and sixteen, and also in overruling appellants' motion to strike out said findings," does not present any question on appeal. *p. 25.*

SAME.—*Record.*—*Bill of Exceptions.*—The record must affirmatively show that a bill of exceptions was filed in the clerk's office; the stencil file mark of the clerk indorsed thereon is not sufficient. *pp. 26, 27.*

SAME.—*Inconsistent Special Findings.*—*New Trial.*—That certain special findings are inconsistent with other findings is not a reason for a new trial. *p. 28.*

From the Adams Circuit Court. *Affirmed.*

*B. K. Elliott, W. F. Elliott, F. L. Littleton, R. S. Peterson* and *R. K. Erwin,* for appellants.

*J. T. France* and *C. O. France,* for appellee.

WILEY, C. J.—Appellants are partners, engaged in the practice of law. They sued appellee to recover for services

as attorneys in prosecuting to a successful termination an action for damages in favor of Eli W. Middleton against John O. Middleton, in the Adams Circuit Court, and bottomed their action upon the following facts, as stated in their complaint: That they entered into a contract with Eli W. Middleton to prosecute the action against John O. Middleton, and for their services they were to receive and have a sum equal to ten per cent. of the amount recovered; that, in pursuance to said agreement, they did prosecute said action to a final termination, and recovered a judgment in favor of their client for $10,000; that appellee at the time, or shortly thereafter, had full knowledge of all of said facts; that, by an agreement between appellants and their client, they were to take a lien upon said judgment for the amount of their fee; that, in pursuance to said agreement, they did file such lien, and in all things complied with the statute in such case made and provided; that long after the rendition of said judgment and the filing of said lien, the said Eli sold, assigned, and transferred said judgment, upon the record, to appellee; that appellee took an assignment of said judgment with knowledge of said lien; that after the assignment of said judgment the appellee received full payment thereof, including the amount due appellants as attorneys' fees, and that such payment was made without the knowledge or consent of appellants; that at the time of said judgment, and ever since, the said John O. has been and still is insolvent. It is also averred that when said judgment was assigned the said Eli was, and still is, insolvent. It is then averred that appellee refused to pay said attorneys' fees, though a demand and a request therefor had been made, and that said sum is still due. Copies of the lien and also of the assignment are filed as exhibits.

The above averments are taken from the first paragraph of complaint. The second paragraph is like the first, with these additions: That when said assignment was made it was agreed and understood between Eli and appellee that

appellee should assume and pay appellants' lien, and that after said assignment appellee released said judgment on the margin of the record, said release being in the following words: "I hereby release all right, title, and interest I may have in the annexed judgment against John O. Middleton, in favor of Eli W. Middleton, and assigned to me by Eli W. Middleton on the 11th day of September, 1895. Witness my hand this 17th day of July, 1897, and said judgment is fully satisfied so far as I am concerned. [Signed] Jane Struby."

The issue was joined by an answer in denial, trial by the court, and at request of appellee the court made a special finding of facts, and stated conclusions of law thereon. The conclusions of law were favorable to appellee, to which conclusions appellants excepted. The appellants' motion for a new trial was overruled.

The only assignment of error that presents any question for review is the second, which challenges the conclusions of law. The correctness of the conclusions of law depends upon the facts found. By the facts found it appears that appellants were employed by Eli W. Middleton to prosecute an action for damages against John O. Middleton, upon an agreement that they were to receive for their services a sum equal to ten per cent. of the amount recovered; that they did recover a judgment for $10,000; that, following the rendition of said judgment, appellants filed a lien thereon upon the margin of the record for $1,000; that said judgment was rendered November 12, 1891; that on the 11th day of September, 1895, in the absence of appellants, Eli W. Middleton assigned said judgment to appellee, said assignment being made upon the margin of the record, where it was entered; that the said Eli assigned said judgment to appellee, in order that the same might be charged against the said John O. Middleton in the distribution of her estate; that appellee was the mother of both Eli and John Middleton and of two daughters; that on June 17, 1897, without the

knowledge or consent of appellants, appellee released her interest in said judgment in the language above set out; that no part of said judgment was ever paid to the said Eli or appellee, nor did the appellee ever receive anything of value thereon, or for the satisfaction thereof; that no part of said judgment or lien was ever paid to appellants, and that the same remains wholly unpaid; that appellee never agreed with appellants, or any one else, to pay a part of appellants' said lien; that, before the commencement of this action, the appellants demanded payment of said lien from appellee, and that there is due them $1,490.73. The conclusions of law as stated by the court are as follows: (1) "That the defendant is not indebted to the plaintiffs." (2) "That the plaintiffs take nothing by their suit."

The record shows that the lien of appellants upon the judgment obtained by them for their client was taken in pursuance to the provisions of the statute. §7238 Burns 1894, §5276 Horner 1897. No question is raised as to its validity. The judgment was rendered November 12, 1891, and on September 11, 1895, the judgment plaintiff assigned the judgment to appellee. The assignment was in conformity to the provisions of §612 Burns 1894, §603 Horner 1897, providing for the assignment of judgments. July 17, 1897, appellee, as the assignee of the judgment plaintiff, released the judgment of record so far as her interest therein was concerned. This assignment and release of the judgment were without the knowledge or consent of the appellants. The court found as a fact that appellee did not receive any money upon the judgment, nor did she receive anything for entering the release. We have no doubt but what an assignee of a judgment, where such assignment is shown of record, may enter satisfaction of it, and the question which is of controlling influence here is, under the facts found,—does such release destroy the lien of appellants? If it does, they might properly proceed against appellee; but if it does not, then they have no right of action

Peterson *v.* Struby.

against her. The lien attaches to the judgment, and it also attaches to the proceeds of the judgment. · But in this instance there were no proceeds, as nothing was paid upon it. It is found that appellee took the assignment of the judgment, to the end that it might be charged against John O. Middleton in the distribution of her estate. It appears, therefore, that there was no consideration moving from Eli, the judgment plaintiff, to appellee, for the assignment, and no consideration for appellee's release of the judgment. Under these facts, we are inclined to the view that appellants' lien has not been affected. The lien of an attorney for his fees, if validly entered, cannot be discharged without his authority by any act of the judgment plaintiff. Watson's Indiana Stat. Liens, p. 40, §42.

In *McCabe* v. *Britton,* 79 Ind. 224, it was held that if an attorney had acquired a valid lien upon the judgment procured by his services, his right to collect the amount by execution upon the judgment was not affected by the satisfaction of the judgment. An attorney's lien properly acquired upon a judgment cannot be defeated by a discharge of the judgment given by his client to the judgment debtor. *Foster* v. *Danforth,* 59 Fed. 750; *Gammon* v. *Chandler,* 30 Me. 152; *McKenzie* v. *Wardwell,* 61 Me. 136; *Stratton* v. *Hussey,* 62 Me. 286; *Rooney* v. *Second Avenue R. Co.,* 18 N. Y. 368; *Woolf* v. *Jacobs,* 45 N. Y. Supp. 583.

If the appellee had received the amount of the judgment, then appellants, under the authorities, might recover from her the amount of their lien, as for money had and received. *Heartt* v. *Chipman,* 2 Aik. (Vt.) 162. Or, as was held in Arkansas, they might enforce their lien against her as assignee of the judgment, if she had received the avails and discharged the judgment. *Sexton* v. *Pike,* 13 Ark. 193. But here the court finds that appellee did not receive any money upon the judgment. The assignee of a judgment takes the equitable title to it, subject to a lien in favor of the attorney through whose services it was secured. *Yates*

v. *Kinney,* 33 Neb. 853, 51 N. W. 230, 3 Am. & Eng. Ency. of Law (2nd ed.) p. 453. It follows from this that the lien duly acquired exists against the assignee of the judgment, the same as against the judgment creditor. *Cunningham* v. *McGrady,* 61 Tenn. 141; *Wetherby* v. *Weaver,* 51 Minn. 73, 52 N. W. 970; *Guliano* v. *Whitenack,* 24 Civ. Proc. Rep. (N. Y.) 55.

As appears in the special findings the appellee released all her right, title, and interest in the judgment; but this release can not operate to affect appellants' right to their lien on the judgment. *Bickford* v. *Ellis,* 50 Me. 121. The law which recognizes an attorney's right to a lien upon a judgment, to secure his fees for services rendered in its procurement, rests upon the equitable rule that the party who has reaped the benefit of his services should not be allowed to run away with the fruits of such services, without satisfying the legal demands of his attorney, by whose industry, sagacity, and learning, and in many cases at whose expense those fruits are obtained. 13 Ency. Pl. & Pr. 142. Per Kenyon, C. J., in *Read* v. *Dupper,* 6 T. R. 361; *In re Wilson,* 12 Fed. 235.

The judgment plaintiff could not by any act of his affect appellant's lien upon the judgment, and it follows that the act of his assignee in releasing her interest in the judgment could not affect their rights under the lien. Whether they can proceed to have execution issue, in an effort to enforce their lien, while the judgment stands upon the record, released, so far as the appellee's interest is concerned, is another question. It has been held that a motion to prosecute and vacate a satisfaction of a judgment should be made in the attorney's name, but that the suit should proceed in the client's name. *Murray* v. *Jibson,* 22 Hun 386; *Reynolds* v. *Reynolds,* 10 Neb. 574, 7 N. W. 322.

Under our statute, and the authorities, a notice of an attorney's lien upon the judgment duly acquired is notice to all the world. Such notice is therefore perfect against

an assignee of a judgment, and no personal notice to the assignee is required. *Sexton* v. *Pike*, 13 Ark. 193; *Marvin* v. *Marvin*, 22 Civ. Proc. Rep. (N. Y.) 274; *Heartt* v. *Chipman*, 2 Aik. (Vt.) 162; *Alderman* v. *Nelson*, 111 Ind. 255.

Our conclusion is that by the assignment of the judgment by Eli W. Middleton to the appellee and by her subsequently releasing all her interest therein by an indorsement upon the margin of the judgment record, appellants' lien was neither destroyed nor affected, and that by reason thereof, under the facts found, appellee did not become personally liable to appellants.

The first specification of the assignment of errors is that the court erred in its special findings thirteen, fifteen, and sixteen, and also in overruling appellants' motion to strike out said findings. This is not a proper assignment of error, and does not present any question for decision. Judgment affirmed.

## ON PETITION FOR REHEARING.

WILEY, C. J.—In their brief on petition for a rehearing, counsel complain bitterly of the statement in the original opinion that the only assignment of error that presents any question for review is the second, which challenges the conclusions of law. Upon a reëxamination of the record we feel fully justified in the statement thus made, in the abstract, but add that all questions properly presented by the record are embraced in the second specification of the assignment of error. The first specification of the assignment of errors is that the court erred in overruling appellant's motion to strike out special findings thirteen, fifteen, and sixteen. This was a written motion, and it was based upon the ground that the said findings were "inconsistent with the other findings returned". We insist that this motion, the overruling of which is assigned as error, does not present any question for review, even if the motion and the ruling thereon were brought into the record by a bill of exceptions, and this has

not been done.  As appellants' learned counsel insist that the motion is thus brought into the record, we deem it important to state the facts as disclosed by the record.  While there is a bill of exceptions attached to the transcript, it will be readily seen from what follows that the bill is not in the record.

The record shows that the special findings were made January 23, 1899.  On the same day appellants' motion to strike out findings thirteen, fifteen, and sixteen, was filed and overruled, and they were given sixty days in which to file their bill of exceptions.  On the same day the court stated its conclusions of law, and appellants excepted thereto. Immediately following this, at the same sitting of the court, appellants moved for a new trial, which motion was overruled, and sixty days were given in which to file their bill of exceptions.  On the same day appellants filed-their general bill of exceptions, and a record entry thereof was made, which is shown by the transcript.  This general bill of exceptions is not, however, copied into the record.  The original bill of exceptions, embracing the motion to strike out findings thirteen, fifteen, and sixteen, and the ruling thereon, shows that it was presented to and signed by the trial judge January 27, 1899, and is attached to the transcript.  It appears, therefore, that this special bill of exceptions was approved and signed by the trial judge within the time given, but there is nothing in the record by way of record entry or certificate of the clerk to show that such bill was ever filed, either in open court or in the clerk's office.  This is essential to bring the bill into the record. Upon this proposition there are numerous authorities, but we content ourselves by referring to *Denman* v. *Warfield,* 20 Ind. App. 664, and authorities there cited, and *Lowry* v. *Downey,* 150 Ind. 364, and authorities there cited.  Pretense may be made that the record entry made on January 23rd, showing the filing of the "general" bill of exceptions referred to, was in fact the special bill, embracing the

motion to strike out. This position, however, is wholly un-
tenable, for the reason that the record entry made January
23rd could not possibly refer to or embrace a bill of excep-
tions that was not then in existence and was not approved
and signed until four days thereafter. True, the latter bill
has indorsed and stamped upon its back a stencil file mark
of the clerk, but this is not sufficient to show that it was filed
as required by law. So we must hold that the motion to
strike out is not in the record. But, even if it were, it
would not present any question. It has repeatedly been held
that a motion to strike out parts of a special finding is not
authorized by any rule of practice. *Tewksbury* v. *Howard,*
138 Ind. 103; *Van Valkenburgh* v. *Dean,* 15 Ind. App.
693; *Sharp* v. *Malia,* 124 Ind. 407; *Levy* v. *Chittenden,*
120 Ind. 37.

In *Sharp* v. *Malia, supra,* the court said: "We are not
advised of any rule of practice which authorizes a motion to
strike out parts of a special finding of facts. Should the
court fail to find all the facts proved, or find the facts con-
trary to the evidence, the remedy is by motion for a new
trial."

As we have seen, appellants moved for a new trial, and in
their brief on petition for rehearing it is earnestly urged
that we should have considered the questions presented by
it under the third specification of the assignment of error,
whereby the action of the trial court in overruling the mo-
tion is challenged. A brief mention of the reasons for a new
trial will serve to show that every question it is thus sought
to raise is properly presented, and reviewable under the
exceptions to the conclusions of law, which are assigned as
error.

The reasons for a new trial are: (1) Error in the thir-
teenth, fifteenth, and sixteenth special findings, and each of
them, in that they are inconsistent with the other findings;
(2) error in the conclusions of law, and that the conclusions
of law are not sustained by the findings and are contrary to

law; (3) error in sustaining appellee's motion for judgment on the findings and conclusions of law; (4) error in overruling appellant's objections and exceptions to the conclusions of law, and in rendering judgment against them; (5) error in rendering judgment in favor of appellee. If any of these present any question that is not fairly debatable under the assignment of error questioning the conclusions of law, then we were in error in saying that the only question for consideration was thus presented. Appellee moved for judgment on the special findings and conclusions of law, which motion was sustained. The correctness of the conclusions of law can not be thus tested. *Royse v. Bourne,* 149 Ind. 187. This disposes of the third reason for a new trial.

The second, fourth, and fifth reasons for a new trial do not present any question that is not fully and fairly covered and embraced by the second specification of the assignment of error, which brings in review the conclusions of law. That certain of the special findings are inconsistent with other findings is not a reason for a new trial. The only manner in which a special finding of facts and conclusions of law can be brought in review is by excepting to the conclusions of law. *City of Logansport* v. *Wright,* 25 Ind. 512; *Peden* v. *King,* 30 Ind. 181; *Luirance* v. *Luriance,* 32 Ind. 198; *Board, etc.,* v. *Newman,* 35 Ind. 10; *Cruzan* v. *Smith,* 41 Ind. 288; *Rose* v. *Duncan,* 43 Ind. 512.

The errors assigned are: (1) That the court erred in overruling the motion to strike out special findings thirteen, fifteen, and sixteen; (2) that the court erred in its conclusions of law; (3) that the court erred in overruling the motion for a new trial; (4) that the court erred in rendering judgment against appellants.

From this assignment of error, and the authorities to which we have referred, it is clear that the only error assigned that presents any question for review is that the court erred in its conclusions of law, and it follows that we

were right in the original opinion in so stating. It is probably true that if facts specially found were inconsistent and contradictory, it might follow that they would not sustain the conclusions of law based thereon; but such condition does not here exist. Counsel urge that findings thirteen, fifteen, and sixteen are inconsistent with the other findings, but we are unable to discern any inconsistency. It is also insisted that we did not decide the case upon the theory made by the complaint. An examination of the original opinion and the complaint will disclose the fact that the opinion follows the theory of the complaint. The first paragraph of complaint proceeds upon the theory that appellee took an assignment of the judgment with knowledge of appellants' lien; that she received full payment thereof, including appellants' lien, and that the payment was made to her without the knowledge or consent of appellants. The second paragraph proceeds upon the theory that appellee expressly agreed to pay appellants' lien when she took an assignment of the judgment. Also that she released the judgment of record, and hence became liable, etc.

The court found every essential fact against appellants, and there can be no question but what on the facts found the conclusions of law were correctly stated. No other conclusion could have been reached.

Petition for a rehearing overruled.