BOORAM *v.* DAY ET AL.

[No. 27,343.   Filed February 19, 1940.]

*De Armond & Booram,* and *Keltner & Mays,* all of Anderson, for appellant.

*Busby & Davisson,* of Anderson, for appellees.

FANSLER, J.—William H. Bennett was the owner of a certain piece of real estate upon which there was a mortgage in favor of the Anderson Loan Association. He was indebted to the appellee William L. Day. He executed and delivered to the appellee Day a warranty deed, conveying the title to said real estate upon the agreement, which was not set out in the conveyance, that, if his indebtedness to Day was paid within a year, the real estate was to be reconveyed. Thereafter the appellant Booram, an attorney at law, brought an action on behalf of Bennett to have the deed to Day declared to be a mortgage, and procured a judgment declaring the deed to be a mortgage. Upon the entry of this judgment, the appellant entered in writing upon the docket in which the judgment was recorded a notice of his intention to hold a lien thereon for his attorney fees in the sum of $200.

Thereafter the appellee Day began this action to foreclose the lien which he held under his warranty deed and which had been declared to be a mortgage. The defendants to the action, that it is necessary to notice, are William H. Bennett, the Anderson Loan Association, which held the first mortgage, the Department of Public Welfare of Madison County, and the appellant, who was claiming a lien for his attorney fees. There was a trial in which it appeared from the evidence that the Anderson Loan Association held a first mortgage on which there was due $769.67; that

there was a balance due on the indebtedness to the plaintiff Day amounting to $411.80; and that the Department of Public Welfare of Madison County had a lien upon the real estate for old age pension payments in the total of $581.66, which was junior and subsequent to the lien of the plaintiff and the Anderson Loan Association. There was evidence that the appellant had rendered the services above referred to, and that the services were reasonably worth $200. The court found that the appellant did not have a lien upon the real estate. There was judgment of foreclosure, and an order that the property be sold subject to the mortgage of the Anderson Loan Association, and that the proceeds of the sale be applied, first, to the payment of costs; second, to the payment of the amount found due the plaintiff; and, third, to the payment of the amount found due the Department of Public Welfare of Madison County; and that the balance be paid into court for the use of the parties lawfully entitled to receive it. From the evidence of value it would seem unlikely that the property will sell for more than enough to pay the costs and the judgment of the appellee Day.

The appellant predicates error upon the decision of the court that he has no lien for his attorney fees.

Section 4-3619, Burns' 1933, § 10504, Baldwin's 1934, provides that an attorney "shall be entitled to hold a lien for his fees on any judgment rendered in favor of any person or persons employing such attorney to obtain the same." Statutes of this character are generally held to authorize a lien upon something created by, or recovered for, the client, and to be prompted by the same policy that entitles a mechanic to be reimbursed out of that which he creates or improves. Thus an attorney has no lien on the land of his client on account of an action in which he estab-

lishes or defends title. 7 Corpus Juris Secundum, § 228, p. 1174. In *Baxter County Bank* v. *Davis* (1919), 137 Ark. 459, 463, 208 S. W. 797, 798, the Supreme Court of Arkansas recognized that a bill to remove a cloud upon the title to land is not an action for the recovery of land, and that there could be no lien in that kind of an action, but said: "However, the action in which the services were performed in the present case was not one of that character. It was something more than a mere suit to remove a cloud from title. The plaintiff in that action, Furrow, had conveyed the land to another person. The title had passed from him on the face of the conveyance, and it was necessary to make out his case of fraud in order to cancel the conveyance and recover the land. His property had passed from him, in other words, under the deed, and the effect of the decree was to restore to him the land thus fraudulently conveyed, and the attorneys who performed the services in the case were, we think, entitled to a lien." We think this reasoning is sound, and that the attorneys who recovered land for their client should come before general creditors of their client, or those thereafter acquiring liens upon the land, since they assisted in creating the assets out of which they seek to recover, and they have benefited not only their client, but the other claimants as well.

The appellant does not claim precedence for his lien over the mortgage of the Anderson Loan Association. He does, however, vigorously contend that he is entitled to precedence over the lien of the appellee Day. With this contention we cannot agree. His lien is upon that which he recovered for his client. The thing recovered was title to the land, subject, however, to the mortgage of the Anderson Loan Association and to the mortgage of the appellee Day, for he pro-

cured the deed to be declared a mortgage. The lien was created by the deed, and it therefore antedates, and must take precedence over, the appellant's lien, since it was in existence before any suit to declare the deed a mortgage could have been contemplated.

The appellant contends that the appellee Day is a wrongdoer, and therefore his lien should not have precedence. If we understand this contention it is that, since Day was only entitled to a mortgage, and took a deed, he was guilty of a wrong which would prevent him from asserting any lien as against the appellant's lien for attorney fees. But Day had the right to take the deed and to enforce it as a mortgage, and we know of no rule of law that would penalize him for asserting that his deed was an absolute conveyance by striking down his mortgage lien in favor of subsequent liens. Appellant also complains that after the judgment declaring the deed to be a mortgage his client arranged that Day should collect the rents and apply them upon taxes and repairs and the indebtedness to the Anderson Loan Association or to himself. But we see no basis for the complaint. Bennett had a right to have the proceeds of the property applied upon its maintenance and the prior liens.

We see no reason, however, why the appellant, whose efforts created whatever equity Bennett may have in the property, should not be entitled to have his lien take precedence over the lien of the Department of Public Welfare. But for his efforts there would be no equity against which a lien could be asserted.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 25 N. E. (2d) 329.