**Steven T. BEAM, Appellant–Plaintiff,**

v.

**WAUSAU INSURANCE COMPANY, Appellee–Defendant.**

No. 20A03–0003–CV–102.

Court of Appeals of Indiana.

Feb. 27, 2001.

Edmond W. Foley, South Bend, IN, Attorney for Appellant.

Edward L. Murphy, Diana C. Bauer, Fort Wayne, IN, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Steven T. Beam ("Beam") appeals from the trial court's judgment reducing by the amount of set offs the jury's verdict of $701,371.00 in damages owed by Defendant–Appellee Wausau Insurance Company ("Wausau") in an action to receive underinsured motorist benefits.

We affirm.

### ISSUES

I.  Whether Ind.Code § 34–51–2–19, the lien reduction statute, applies to the judgment entered in Beam's favor.

II.  Whether the trial court correctly reduced the judgment by setting off amounts recovered by Beam including those from the tortfeasor's insurance company and his own insurance company.

*FACTS AND PROCEDURAL HISTORY*

On August 20, 1993, Beam was traveling in his semi tractor within the course and scope of his employment with Fairmont Homes, Inc. ("Fairmont") on the Northwest Toll Road outside Chicago, Illinois, when he was injured in a motor vehicle accident. Beam swerved his semi tractor off the roadway in order to avoid colliding with a vehicle that was stalled in the right hand driving lane. The operator of the stalled vehicle was Amanda Vongsomchith ("Vongsomchith"). Beam incurred medical expenses in the amount of $310,206.56 [1].

### INSURANCE COVERAGE

Fairmont was self-insured for worker's compensation benefits for all amounts up to $350,000.00. Fairmont contracted with Wausau to provide Fairmont with worker's compensation insurance for all amounts above the $350,000.00 self-insured retention limit.

Vongsomchith maintained personal automobile liability insurance through Safeway Insurance Company ("Safeway"). The limits of that policy were $20,000.00. Beam also maintained personal automobile liability insurance, but through United Farm Bureau Insurance Company ("Farm Bureau"). Fairmont maintained automobile liability insurance at the time of the collision through Wausau with policy limits of $1,000,000.00.

Beam's personal automobile liability insurance coverage included a provision for underinsured motorist ("UIM") benefits in the amount of $100,000.00. Fairmont's automobile liability insurance policy with Wausau also provided for UIM coverage in the amount of $1,000,000.00.

### PAYMENTS RECEIVED BY BEAM

Safeway paid its policy limits of $20,000.00 to Beam. Farm Bureau paid to

---

1.  The parties stipulated to medical expenses in the amount of $310,206.56. Wausau later contended that the actual amount was in ex-  cess of that sum. However, the trial court held the parties to their stipulation.

Beam $80,000.00 under the UIM provision of its policy.

Fairmont paid for Beam's medical expenses of $310,206.56 as worker's compensation benefits. Wausau made disability payments to Beam in the amount of $86,945.14. Beam received a total of $397,151.70 in worker's compensation benefits.

Wausau refused to pay Beam UIM benefits under the policy issued to Fairmont. Beam filed suit against Wausau seeking to obtain benefits under the UIM provisions of the policy.

Wausau's policy contained the following relevant provisions:

### A. COVERAGE

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle." . . .

\* \* \*

### C. EXCLUSIONS

This insurance does not apply to:

2. The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law.

\* \* \*

### D. LIMIT OF INSURANCE

2. The Limit of Insurance under this coverage shall be reduced by all sums paid or payable by or for anyone who is legally responsible, including all sums paid under this Coverage Form's LIABILITY COVERAGE.

3. Any amount payable for damages under this coverage shall be reduced by all sums paid or payable under any workers' compensation, disability benefits or similar law.

\* \* \*

(R. 24–25).

Prior to trial the parties stipulated that the jury was to determine liability and damages only, while any set offs from damages would be determined later by the trial court. On October 19, 1999, a jury found Vongsomchith to be fifty-five percent at fault, while Beam was forty-five percent at fault. The jury determined Beam's damages to be $701,371.00, which amount was reduced to judgment subject to modification by the trial court for set offs.

The trial court requested that the parties submit their arguments to the court on the issue of set offs in the form of a proposed order for the trial court's signature. On February 23, 2000, the trial court executed the proposed order submitted by Wausau and modified the judgment amount owed to Beam to $204,219.30.

This appeal ensued.

### DISCUSSION AND DECISION
### STANDARD OF REVIEW

The court entered special findings of fact and conclusions of law upon its own order. Ind. Trial Rule 52(A) provides in pertinent part, "[u]pon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury . . . shall find the facts specially and state its conclusions thereon." Because the record does not reflect that a party requested special findings and conclusions under T.R. 52(A), the court's order requiring proposed findings and conclusions by a date certain should be construed as the court's "own motion." *See Coffin v. Hollar*, 626 N.E.2d 586, 588 (Ind.Ct.App.1993). Had the court ordered proposed findings pursuant to a request by a party, entry of findings or the lack thereof would be reviewed depending upon whether the party made a written motion prior to admission of evidence. *Id.* Thus, special findings were entered in the pres-

ent case upon the court's own motion. *Id.* at 589.

When such findings are entered, this court applies a two-tier standard of review. *Id.* The court first determines whether the evidence supports the findings and then determines whether the findings support the judgment. *Id.* Special findings and the judgment flowing therefrom will be set aside only if they are clearly erroneous. *Id.*

## I. LIEN REDUCTION STATUTE

■ The lien reduction statute at issue provides as follows:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) by comparative fault; or
>
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

Ind.Code § 34–51–2–19.

As previously mentioned, Fairmont was self-insured for worker's compensation for amounts up to $350,000.00. Fairmont contracted with Wausau for worker's compensation coverage in excess of $350,000.00. Beam received a total of $397,151.70 in worker's compensation benefits from Fairmont and Wausau. The trial court set off the $397,151.70 in benefits already received by Beam from the jury's award of $701,371.00 making the final judgment amount $204,219.30.[2]

Beam claims that the trial court erred by allowing Wausau to set off the entire amount of worker's compensation benefits paid to Beam from the jury's award. Beam argues that the lien reduction statute should apply and that Wausau should be entitled to a credit against the judgment of only a percentage of the judgment recovered by Beam. In other words, Beam argues that Wausau's interest is a subrogation claim or a lien against the judgment and not, as Wausau argues, enforcement of a provision of the policy.

■ Subrogation has been defined as "the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim." BLACK'S LAW DICTIONARY 1279 (5th Ed.1979). *See also, Home Owners' Loan Corp. v. Henson,* 217 Ind. 554, 29 N.E.2d 873, 876 (1940). A lien is defined as a claim which one person holds on the property of another as a security for an indebtedness or charge. *Hubble v. Berry,* 180 Ind. 513, 103 N.E. 328, 330 (1913). In the present case, Wausau is not attempting to sue another person in Beam's stead. Furthermore, Wausau did not assert a lien on any of Beam's property. The posture of this case is insured, Beam, suing insurer, Wausau, for coverage under the terms of the policy issued. Since Wausau is liable to Beam for underinsured motorist coverage, Wausau is entitled to a credit against that amount for payments already made. Without the credits provided for in the policy, Beam would receive a greater compensation than that to which he was entitled.

The purpose of underinsured motorist (UIM) coverage is to provide individuals indemnification in the event negligent motorists are not adequately insured for damages that result from motor vehicle accidents. *Veness v. Midland Risk Ins. Co.,*

---

**2.** The trial court also reduced the jury's award by $100,000.00, the amount Beam recovered from Safeway and Farm Bureau. The propriety of that reduction is discussed in another section below.

732 N.E.2d 209, 212 (Ind.Ct.App.2000). Beam agrees that he is entitled to $701,371.00 in order to make him whole. Wausau contends that it should be able to set off the amounts Beam already has recovered from the underinsured liability. If Wausau were not allowed to set off those amounts Beam would receive a windfall to which he is not entitled.

The present case is very similar to the facts presented to a different panel of this court in *Standard Mutual Ins. Co. v. Pleasants*, 627 N.E.2d 1327 (Ind.Ct.App. 1994). Pleasants was injured in an accident and received $5,000.00 pursuant to the medical payments coverage of her automobile insurance policy with Standard Mutual. The tortfeasor had no automobile insurance coverage at the time of the accident. Standard Mutual and Pleasants disagreed regarding liability for the accident and the matter was referred to arbitration pursuant to the terms of the insurance contract. Pleasants' total damages were determined to be $100,000.00, but Pleasants was established to be fifty percent at fault. Therefore, Standard Mutual was liable to Pleasants for $50,000.00. The terms of the contract also explicitly provided that double recovery was prohibited. In other words, Pleasants could not recover damages under both the medical payments portion of the contract and under the UIM portion of the contract. Standard Mutual tendered a check for $45,000.00 to Pleasants. On appeal, Pleasants argued that the lien reduction statute should be applied to that dispute. A panel of this court stated as follows:

> This provision is inapplicable in this case. It applies to claims by the insurer against some other party. Clearly, the claim in question is the claim by Pleasants against the insurer, not a claim by the insurer against Pleasants. Standard Mutual makes no claim to recover amounts paid to Pleasants under the medical payments coverage. It asserts only its contractual entitlement to offset those payments against the uninsured liability. The fact that the arbitrators had to attribute fault between Pleasants and Radford was dictated by the insurance contract and does not bring the arbitration under the purview of the Comparative Fault Act.

627 N.E.2d at 1330. As was the case in *Standard Mutual*, Wausau is not trying to recover from Beam the payments he received from Fairmont for worker's compensation coverage. Wausau sought to enforce the portion of the insurance contract allowing it to take credit for payments already made to Beam for worker's compensation, against the judgment entered against it.

Wausau's policy clearly states that any amount of damages payable under its coverage shall be reduced by all sums paid under any worker's compensation law. The trial court correctly determined that Fairmont possessed no lien interest in the award recovered by Beam. Fairmont had notice of the hearings and failed to appear or present any evidence of a lien. Beam was not liable to a third party for payment of any benefits; therefore, the lien reduction statute did not apply. Wausau was not asserting a subrogation claim and did not argue that it possessed a lien in its favor. Wausau was entitled to set off dollar for dollar the amount already received by Beam from Fairmont and Wausau for worker's compensation benefits in order to prevent double recovery by Beam.

The trial court correctly determined that this was a matter between the insured and the insurer concerning entitlement to offset payments already made. This is not a case where the insurer is seeking to recover from the insured amounts recovered by the insured from other sources. Since no subrogation claims or liens were being asserted and Beam had no duty to repay the amounts he already had recovered, the trial court correctly determined that the lien reduction statute did not apply.

## II. REDUCTION OF THE VERDICT

We note that the jury verdict form in the present case is incorrect. However,

neither party submitted a correct verdict form[3].

Ind.Code § 34–51–2–7 and Ind.Code § 34–51–2–8, sections regarding jury instructions where damages and comparative fault are being determined, provide that the jury is to determine the percentage of fault of the parties involved. After making that determination, if the claimant is not fifty percent or more at fault, then the jury is to determine the total amount of damages the claimant would be entitled to regardless of fault. The jury is then required to multiply the percentage of fault by the total amount of damages in order to determine the amount of damages for which each defendant is liable.

The record in the present case does not contain a copy of the instructions given to the jury. However, the verdict form makes provisions only for the percentage of fault attributable to the plaintiff and the defendant, and for an assessment of the plaintiff's damages. (R. 55). A correct jury verdict form would have aided the parties and the trial court in the resolution of the issue of the amount of Beam's damages.

Neither party seems to be arguing that the $701,371.00 amount equals one hundred percent of Beam's actual damages. Our review of the record leads us to the conclusion that the parties and the trial court considered the $701,371.00 amount awarded by the jury to be Beam's damages after consideration of the percentage of fault attributable to him. However, both parties agree that $701,371.00 represents the amount of damages Beam legally is entitled to recover.

Beam claims that the rationale in *Transcontinental Technical Services, Inc. v. Allen,* 642 N.E.2d 981 (Ind.Ct.App.1994), should be used to determine the issue of reduction in the present case. A panel of this court held that the provisions of the insurance contract at issue were ambiguous. 642 N.E.2d at 984. Part of the analysis involved in reaching that determination included reading two exclusion provisions in conjunction with one another. We disagree with the conclusion reached in *Transcontinental* regarding the interpretation of those exclusion provisions and decline to follow it here.[4]

Judge Staton noted in his dissent in *Transcontinental,* with which we agree, that no ambiguity exists. He further noted that our supreme court stated as follows in *Indiana Insurance Co. v. DeZutti,* 408 N.E.2d 1275, 1278 (1980):

> [Exclusions] are limitations or restrictions on the insuring clause ... [E]ach exclusion is meant to be read with the insuring agreement, independently of every other exclusion. If any one exclusion applies there should be no coverage, regardless of the inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions.

Under the terms of coverage of the policy Wausau agreed to pay all sums Beam is legally entitled to recover, $701,371.00. However, under the section of the policy entitled "LIMIT OF INSURANCE," Wausau is entitled to reduce from any amount payable for damages all sums paid or payable under any worker's compensation, disability benefits or similar law. Reading that exclusion in conjunction with

---

**3.** Wausau filed a motion to correct error in which it argued in the alternative that there was confusion surrounding the verdict form because the jury was not required to make a determination regarding the amount of total damages and multiply the figure by the percentage of fault. The trial court denied the motion after hearing argument and finding that the jury verdict form was not erroneous. (R. 104).

**4.** In *Pleasants,* referred to above, Judge Shields, in writing for the majority, found a differently worded but similar provision to be unambiguous. The concept expressed in that set-off provision prohibited double recovery by the insured, where the insured was entitled to compensation for damages pursuant to uninsured motorist coverage, but had recovered under the medical payments portion of the contract.

the insuring agreement leads us to the conclusion that the trial court correctly allowed Wausau to offset from the underinsured liability those amounts received by Beam as worker's compensation. The terms of the policy are clear and unambiguous. The trial court did not err.

■ Beam further argues that the amounts of money he received from Safeway, Vongsomchith's carrier, and Farm Bureau, Beam's carrier, should not have been set off from the verdict amount. According to the terms of the insurance contract, he is correct. However, the record reflects that during a hearing on pending motions in limine, Beam's counsel agreed that any verdict entered by the jury should be reduced by the amounts received from Farm Bureau and Safeway. Now, on appeal, Beam claims that he made that stipulation without taking into consideration the comparative fault of the parties.

■ A party cannot invite error and then request relief on appeal based upon that ground. See Crowl v. Berryhill, 678 N.E.2d 828, 830 (Ind.Ct.App.1997). An error invited by the complaining party is not subject to review by this court. Id. The record reflects that Beam stipulated that any verdict entered by the jury should be reduced by the amounts received by Farm Bureau and Safeway. Beam cannot argue now that his stipulation excluded consideration of comparative fault when Beam knew that the jury was to determine liability and damages. Beam's argument in this regard fails. Therefore, the $304,219.30 judgment amount after the worker's compensation benefits are offset should be further reduced by $100,000.00, the amount Beam received from Safeway and Farm Bureau. The trial court's judgment in favor of Beam in the amount of $204,219.30 was correct.

## CONCLUSION

The trial court correctly determined that the lien reduction statute was inapplicable to the present case. Further, the trial court correctly set off from the jury's verdict dollar for dollar amounts Beam received in worker's compensation benefits. The trial court correctly applied the contract provisions to reduce the jury's award to Beam because the terms of the policy were unambiguous. Last, Beam invited any error that might exist with regard to the set offs taken for benefits received from Farm Bureau and for amounts received from Safeway.

Judgment affirmed.

FRIEDLANDER and SULLIVAN, JJ., concur.