**John F. STROUP, Appellant–Petitioner,**

**v.**

**Kay A. KLUMP–O'HANNES, Appellee–Respondent.**

No. 15A01–0101–CV–13.

Court of Appeals of Indiana.

June 7, 2001.

John F. Stroup, Lawrenceburg, Indiana, Attorney for Appellant.

Frank I. Hamilton, Jr., Greensburg, Indiana, Attorney for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

John F. Stroup (Stroup) appeals the granting of petitioner Kay A. Klump O'Hannes' (Klump) Motion To Order Release of Attorney Fees Lien. Stroup claims that the trial court abused its discretion in releasing his timely and properly perfected attorney's lien on Klump's real estate. We find that the judgment against Klump was satisfied without Stroup's consent or knowledge, and that therefore his lien is not affected by the satisfaction. We reverse.

### Facts and Procedural History

On December 23, 1996, the Dearborn County Circuit Court entered a dissolution decree between Klump and Mark O'Hannes (O'Hannes). As part of the decree, Klump was awarded the real estate from the marriage and O'Hannes was awarded a money judgment of $12,553.00. As security for the payment, O'Hannes was given an undivided one-half interest in Klump's real estate.

Stroup, O'Hannes' attorney, timely filed with the Clerk of Dearborn County a notice of his intention to hold a lien for his fees on O'Hannes's money judgment, pursuant to Ind. Code § 33–1–3–1. In November of 1998, without Stroup's knowledge or consent, O'Hannes filed a Satisfaction of Judgment with the court, which stated that the judgment in the amount of $12,553.00 had been fully satisfied. Then in March of 1999, O'Hannes was discharged in a Chapter 7 bankruptcy. O'Hannes had listed Stroup as an

unsecured creditor. O'Hannes was discharged on the personal obligation owed to Stroup, but had not filed a petition to avoid Stroup's statutory pre-filed attorney fee lien. As of May 15, 1998, Stroup's lien of $4,411.00 remains unpaid.

Klump filed a Motion For Release Of Attorney's Fee Lien on October 4, 1999, because the lien was creating a cloud on the title to her real estate. On July 5, 2000, the trial court entered the following order:

> Comes now the petitioner and files her Motion For Release Of Attorney's Fee Lien Against Real Property; And the Court having heard argument ... finds that the Motion is well taken and should be granted. The Court specifically finds that the intent of I.C. 33–1–3–1 is to permit an attorney to retain his fees from the 'fruits of his skill and labor'.... The Court finds that the Attorney's Lien would not flow to real estate awarded to the opposing party. The Court also notes that the underlying attorney fee was discharged in bankruptcy....

Record at 36–37. Stroup then filed a Motion To Correct Error. The trial court denied his motion and Stroup filed this appeal.

### Discussion and Decision

■ The trial court's order contained findings of fact and conclusions. The record does not reflect that either party requested the special findings and conclusions under T.R. 52(A). When such findings are entered upon the court's own motion, this court applies a two-tier standard of review. *Beam v. Wausau Ins. Co.*, 743 N.E.2d 1188, 1191 (Ind.Ct.App. 2001) (citations omitted). We must first determine whether the evidence supports the findings and then determine whether the findings support the judgment. *Id.*

Special findings and the judgment flowing therefrom will be set aside only if they are clearly erroneous. *Id.*

■ Stroup contends that the trial court abused its discretion when it granted Klump's motion to release his attorney's fee lien against her real estate. Stroup filed a lien with the Dearborn County Circuit Court clerk pursuant to Indiana's attorney's lien statute, Ind. Code § 33–1–3–1, which provides in part that:

> [a]ny attorney practicing his profession in any court of record in this state, shall be entitled to hold a lien, for his fees, on any judgment rendered in favor of any person or persons employing such attorney to obtain the same: Provided, That such attorney, within sixty (60) days from the time such judgment shall have been rendered, enter in writing upon the docket or record wherein the judgment is recorded, his intention to hold a lien thereon, together with the amount of his claim, and if an appeal is taken on such judgment, such lien may be entered within sixty (60) days from the date the opinion of the higher court is recorded in the office of the clerk of the trial court or from the date of final judgment where the cause is reversed and retried.

Stroup noted both his intention to hold a lien and the amount of the lien three different times on the Dearborn County Clerk's judgment docket. Neither party disputes that Stroup properly filed his attorney's lien within the sixty day time frame.

Stroup relies on Ind. Code § 34–55–9–2 and § 34–55–9–1 to further support his argument. In part, he asserts that through these statutes O'Hannes has a judgment lien on Klump's real estate. I.C. 34–55–9–2 states that "[a]ll final judgments for the recovery of money or costs ... constitute a lien upon real estate and chattels real liable to execution in the county

where the judgment has been duly entered...." I.C. § 34–55–9–1 provides in relevant part that "[t]he following real estate is liable to all judgments and attachments and to be sold on execution against the debtor owing the real estate or for whose use the real estate is held: (1) all lands of the judgment debtor, whether in possession, remainder, or reversion...." Stroup contends that his lien automatically attached to Klump's real estate. Stroup argues that O'Hannes money judgment was a judgment lien on Klump's real estate and thus subject to execution by O'Hannes. He further asserts that through his attorney lien, he received a portion of O'Hannes' judgment. Thus, Stroup alleges his lien is attached to Klump's real estate. Finally, Stroup alleges that his lien is still attached to Klump's property because O'Hannes filed his affidavit of satisfaction without Stroup's knowledge or consent. We agree.

■ Initially, we note that I.C. 33–1–3–1 clearly grants Stroup the authority, as an attorney, to hold an attorney's fee lien on his client's judgment. The lien can only be held "on any judgment rendered in favor of any person ... employing such attorney to obtain the same...." I.C. 33–1–3–1. Similar to a mechanic's lien, I.C. § 33–1–3–1 authorizes a lien upon something created or recovered for the client by his attorney. *Booram v. Day*, 216 Ind. 503, 505–06, 25 N.E.2d 329, 330 (1940). However, an attorney's lien is not a typical lien. The attorney is regarded as an assignee of the judgment produced by his efforts. 7A C.J.S. *Attorney & Client* § 359 (1980). The attorney's lien is considered an assignment of the judgment. William F. Harvey describes the attorney's lien as a "law-created assignment of the judgment." 4 INDIANA PRACTICE § 67.3 (1991). The attorney's lien is a partial assignment of the

judgment from the client to the attorney. Thus, when Stroup obtained his attorney's fee lien on O'Hannes' money judgment, he essentially received a partial assignment of the judgment itself.

■ Klump asserts that once O'Hannes filed his affidavit of satisfaction, Stroup's lien was no longer attached to her real estate because O'Hannes no longer had an interest in her real estate. But, Klump had notice that both O'Hannes and Stroup had a lien on her real estate because O'Hannes' lien was created by statute[1] and Stroup's lien was listed on the judgment docket. In fact, during the hearing on her motion to release attorney's lien, Klump presented as evidence a real estate title search that showed Stroup's lien against her real estate interest. An attorney's lien for fees cannot be discharged by the judgment creditor without the attorney's authority. *See McCabe v. Britton*, 79 Ind. 224, 230, 1881 WL 7306 (1881); *Peterson v. Struby*, 25 Ind.App. 19, 56 N.E. 733 (1900), *reh'g denied.* O'Hannes and Klump satisfied the judgment without informing Stroup or obtaining his consent. Therefore, because Stroup did not have knowledge of or give his consent to the satisfaction, his lien still exists, and he can continue to enforce his lien interest in Klump's real estate. Stroup should have been informed of the satisfaction so that he could have asserted his interest and received his payment. Thus, because Klump had proper notice of Stroup's lien and chose not to pay Stroup, Stroup's lien on her real estate still exists.

It is important to note that Klump is under no obligation to pay more than the judgment amount of $12,553.00. While we are not unsympathetic to Klump's situation, we note that if she did not know

---

1. I.C. § 34–55–9–1 and I.C. § 34–55–9–2.

whom to pay what amount, Ind. Trial Rule 67 authorized her to pay the entire amount to the court in satisfaction of her obligation, and the clerk could have distributed the funds properly. T.R. 67(B).

■ Finally, because Stroup properly filed his lien according to I.C. § 33–1–3–1, the lien is perfected. Further, Stroup's lien was filed before O'Hannes filed for bankruptcy. Therefore, in order to avoid the lien, O'Hannes had to file a formal complaint to initiate adversary proceedings. *Everidge v. Am. Sec. Corp.*, 464 N.E.2d 374, 376 (Ind.Ct.App.1984). There is nothing in the record to indicate that O'Hannes filed this formal complaint. Therefore, the lien is not avoided by O'Hannes' bankruptcy. *Id.*

In conclusion, because the trial court erroneously found that the attorney's lien does not extend to Klump's real estate for the reasons stated above, we reverse.

ROBB, J., and BROOK, J., concur.