**John R. JOHNSTON, Appellant–Defendant,**

v.

**FIRST FEDERAL SAVINGS BANK, Thomas C. Korkos, Jr., Thomas Ford, Inc., Pamela J. Korkos, n/k/a Pamela J. Magley, Mark C. Guenin, Appellee–Plaintiff.**

No. 85A05–0402–CV–115.

Court of Appeals of Indiana.

Jan. 28, 2005.

Transfer Denied May 12, 2005.

John R. Johnston, Johnston & Johnston, Wabash, IN, Attorney for Appellant.

David J. Magley, Wabash, IN, Attorney for Appellee Pamela J. Korkos n/k/a Magley.

**OPINION**

VAIDIK, Judge.

**Case Summary**

An attorney who represented a client in a dissolution action sought to have the attorney's lien on a house purchased by the client while the proceedings were pending take priority over the judgment lien of the client's spouse from the same

action. Because the house was not recovered by the attorney for the client, we find that the attorney was not entitled to an attorney's lien on the property.

## Facts and Procedural History

Attorney John R. Johnston represented Thomas Korkos in the dissolution of his marriage to Pamela Magley. During the course of the proceedings, Korkos "raided his 401(k) plan [valued at $36,000]," Appellant's App. p. 67, to purchase and make improvements upon a property located at 638 Crown Hill Drive in Wabash, Indiana ("Crown Hill Property"). Korkos' action of cashing in his 401(k) defied the court, and as a consequence, Korkos was found to be in contempt.

The trial court, in its division of marital assets, awarded $36,000 from the then-non-existent 401(k) to Korkos and in so doing noted, "Thomas used the proceeds of this account to fund the purchase and improvement of the [Crown Hill Property]." *Id.* at 71 n. 5. The trial court specifically declared that the Crown Hill property, purchased while the dissolution proceeding was pending, "is not included as a marital asset." *Id.* The trial court's final decree of dissolution resulted in an "approximately equal division of the [marital] property." *Id.* at 73.

Following the entry of the final decree of dissolution, Johnston filed an attorney's lien on the Crown Hill Property in the amount of $90,500 for services rendered. Subsequently, First Federal Savings Bank ("First Federal") foreclosed on the Crown Hill Property.[1] In its decree of foreclosure, the trial court ordered the proceeds of the foreclosure sale to be applied in the following order: (1) to the payment of the costs of the foreclosure action; (2) to the payment of the amount due to First Federal pursuant to the judgment; (3) to Magley on her judgment from the dissolution; and (4) to the clerk of Wabash County for the use of those rightfully entitled thereto. Johnston timely appealed.

## Discussion and Decision

On appeal, Johnston argues[2] that the attorney's lien arising from the dissolution action should take priority over a spouse's lien from the same action. The attorney's lien statute, Indiana Code section 33–43–4–1,[3] provides, "An attorney practicing law in a court of record in Indiana may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." As to attorney's liens generally, our supreme court has said:

> Statutes of this character are generally held to authorize a lien upon something created by, or recovered for, the client, and to be prompted by the same policy that entitles a mechanic to be reimbursed out of that which he creates or improves. Thus an attorney has no lien on the land of his client on account of an action in which he establishes or defends title.... [A] bill to remove a cloud upon the title to land is not an action for the recovery of land.... [T]he attorneys who recovered land for their client should come before general creditors of their client, or those thereafter acquiring liens upon the land, since they assisted in creating the assets out of which they seek to recover, and they have

1. First Federal named the following people as Defendants in its complaint: Korkos, Magley, Thomas Ford, Inc., Johnston, and Mark C. Guenin.

2. Johnston's Appellant's Brief actually contains two issues, but Johnston filed a motion to withdraw his second issue, which has been granted by this Court.

3. At the time of the proceedings, the attorney's lien statute was codified at Indiana Code § 33–1–3–1. *See* P.L.98–2004.

benefited not only their client, but other claimants as well.

*Booram v. Day,* 216 Ind. 503, 505–06, 25 N.E.2d 329, 330 (1940).

The attorney's lien statute has not been applied in the manner that Johnston suggests in a dissolution case, namely to an item specifically designated as not being a marital asset. *See Putnam v. Tennyson,* 50 Ind. 456, 458–59 (1875) (holding that an attorney who obtained a judgment of alimony for his client may, under the attorney lien statute, have a lien for his fees). Moreover, the rationale for allowing an attorney's lien as explained by the *Booram* Court does not apply in this instance. In other words, an attorney would be entitled to a lien only upon property recovered for a client.

Here, Johnston did not recover the Crown Hill property for Korkos; Korkos bought it with his own funds, and it was specifically declared not to be a marital asset by the trial court. The Crown Hill property, not having been designated as a marital asset, was outside of the judgment of the trial court, and as such it could not be considered a "recovery" by Johnston. Therefore, Johnston is not entitled to an attorney's lien on the Crown Hill property.

Affirmed.

SULLIVAN, J., concurs.

MAY, J., dissents with separate opinion.

MAY, Judge, dissenting.

The case before us represents a rare if not unique situation where an asset was explicitly excluded from the marital pot yet was funded at least in part with assets that were or should have been included in the marital pot. Because the house was so funded, I believe it represents "something created by, or recovered for, the client," *Booram,* 216 Ind. at 506, 25 N.E.2d at 330, and is therefore subject to an attorney's lien.

The trial court explicitly excluded the real estate as a marital asset, but it awarded to Korkos the $36,000 he had previously withdrawn from his 401(k) account and had used to purchase the real estate. The dissolution decree therefore had the effect of awarding to Korkos the equity in the real estate he had purchased with a marital asset.[4] The majority's holding that the real estate does not represent something Johnston created or recovered for Korkos elevates form over substance. I would decline to do so and must therefore respectfully dissent.

---

4. Magley notes extending an attorney's lien to encompass property outside the judgment "would expose assets not subject to the underlying action to liens which defeats the intent of the attorney lien statute." Appellee's Br. at 9. Her point is well taken, and while I believe Johnston is entitled to his lien under the unique circumstances before us, I would limit our holding to such circumstances.