# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**RYAN O. FARNER**
Glaser & Ebbs
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**RICK D. MEILS**
**JOHN W. MERVILDE**
Meils Thompson Dietz & Berish
Indianapolis, Indiana

**FILED**
Jul 18 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOWARD JUSTICE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-PL-1078 |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robyn L. Moberly, Judge
Cause No. 49D05-1001-PL-1701

**July 18, 2012**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Howard Justice ("Justice") appeals from the trial court's order granting summary judgment in favor of American Family Mutual Insurance Company ("AFI"). Justice presents the following restated issue for our review: whether the trial court erred by granting summary judgment in favor of AFI.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On March 27, 2008, at the intersection of 16th Street and Pershing Avenue in Indianapolis, Indiana, a car driven by Kathleen Wagner ("Wagner") collided with an IndyGo bus driven by Justice in the scope and course of his employment. Justice suffered bodily injuries as a result of the collision. Wagner was insured by Geico, with a per-person liability policy limit of $25,000.00. Geico paid its policy limits to Justice, and with AFI's consent, Justice settled his claim with Wagner. GAB Robbins provided Justice with worker's compensation coverage under a policy carried by his employer, IndyGo. GAB Robbins paid Justice, pursuant to that policy an aggregate amount of $77,469.56 in benefits, which represented the following: $51,829.81 paid to medical providers; $18,939.75 for lost wages/temporary disability; and, $6,700.00 for permanent partial impairment. GAB Robbins accepted $5,511.06 in satisfaction of its worker's compensation lien relating to the collision.

Justice's damages exceeded Wagner's policy limits. At the time of the collision, Justice was covered by a policy issued by AFI that provided underinsured motorist coverage limits of $50,000.00 per person and $100,000.00 per accident. Justice made a claim against

that policy, which was denied by AFI. Justice then filed a complaint alleging that AFI was in breach of its contract with Justice.

On August 4, 2011, AFI filed a motion for summary judgment making the argument that the worker's compensation setoff provision reduced the limits of the liability policy such that AFI's liability under the policy was zero. Justice made the following arguments in response: 1) that the policy excluded coverage for injuries eligible for worker's compensation, thus the worker's compensation setoff provision would not apply; 2) that if the setoff provision did apply, the provision applied to total damages and not the limits of liability; and 3) that the policy was ambiguous and when construed in favor of Justice, the worker's compensation setoff provision reduced the total damages as opposed to the limits of liability of the policy. The trial court held a hearing on the motion on October 21, 2011, and later granted AFI's motion for summary judgment without opinion. Justice now appeals.

## DISCUSSION AND DECISION

Justice appeals from the trial court's order granting summary judgment in favor of AFI. Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of making a prima face showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *I/N Tek v. Hitachi Ltd.*, 734 N.E.2d 584, 586 (Ind. Ct. App. 2000). If the moving party meets these two

3

requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Gilman v. Hohman*, 725 N.E.2d 425, 428 (Ind. Ct. App. 2000). Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party that lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *City of Indianapolis v. Byrns*, 745 N.E.2d 312, 316 (Ind. Ct. App. 2001). On appeal, we are bound by the same standard as the trial court, and we consider only those matters that were designated at the summary judgment stage. *Interstate Cold Storage v Gen. Motors Corp.*, 720 N.E.2d 727, 730 (Ind. Ct. App. 1999). We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Estate of Hofgesang v. Hansford*, 714 N.E.2d 1213, 1216 (Ind. Ct. App. 1999). A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Bernstein v. Glavin*, 725 N.E.2d 455, 458 (Ind. Ct. App. 2000).

Resolution of this appeal hinges on the interpretation and application of the insurance policy provisions relating to worker's compensation setoffs. We review an insurance policy using the same rules of interpretation applied to other contracts, namely if the language is

4

clear and unambiguous we will apply the plain and ordinary meaning. *Cincinnati Ins. Co. v. Am. Alt. Ins. Corp.*, 866 N.E.2d 326, 332 (Ind. Ct. App. 2007). The interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Progressive Ins. Co. v. Bullock*, 841 N.E.2d 238, 240 (Ind. Ct. App. 2006).

Borrowing from our Supreme Court's opinion in *Beam v. Wausau*, we set forth the rules of construction of insurance contracts:

> Although some special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and insured's [sic], if a contract is ambiguous, the language therein must be given its plain meaning. On the other hand, where there is ambiguity, insurance policies are to be construed strictly against the insurer and the policy language is viewed from the standpoint of the insured. A contract will be found to be ambiguous only if reasonable persons would differ as to the meaning of its terms. In insurance policies, an ambiguity is not affirmatively established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party.

765 N.E.2d 524, 528 (Ind. 2002) (internal citations and quotations omitted).

The relevant provisions of Justice's insurance policy with AFI are as follows:

> We will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The bodily injury must be sustained by an **insured person** and must be caused by accident and arise out of the use of the **underinsured motor vehicle**.
>
> . . . .
>
> EXCLUSIONS
>
> . . . .

5

Underinsured Motorists Coverage shall not apply to the benefit of any insurer or self-insurer under any worker's compensation or disability benefits law or any similar law.

. . . .

LIMITS OF LIABILITY

The limits of liability of this coverage as shown in the declarations apply, subject to the following:

1.      The limit for each person is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any one accident.
2.      Subject to the limit for each person, the limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident.

We will pay no more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policies or vehicles are involved in the accident.

The limits of liability of this coverage will be reduced by:
1.      A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.
2.      A payment under the Liability coverage of this policy.
3.      A payment made or amount payable because of bodily injury under any workers' compensation or disability benefits law or any similar law.

*Appellant's App.* at 48 (emphasis in original).

In *Beam*, our Supreme Court was presented with the very issue presented in this appeal, i.e., is the proper setoff against a personal injury award for payments received under worker's compensation the liability limit or the damages recovered by insured? The Supreme

6

Court held that the proper setoff in that case was against the amount of damages and not the liability limits.  765 N.E.2d at 526.

The policy language in *Beam*, which our Supreme Court found to be unambiguous, *id.* at 531, is strikingly similar to the policy language in the present case.  We set forth the relevant underinsured motorist coverage language from that case as follows:

A. COVERAGE

1.      We will pay the sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle."

. . . .

C. EXCLUSIONS

This insurance does not apply to: . . .

2.      The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law.

. . . .

D. LIMIT OF INSURANCE

. . . .

2.      The Limit of Insurance under this coverage shall be reduced by all sums paid or payable by or for anyone who is legally responsible, including all sums paid under the Coverage Form's LIABILITY COVERAGE.

3.      Any amount payable for damages under this coverage shall be reduced by all sums paid or payable under any workers' compensation, disability benefits or similar law.

*Id*. at 527.

7

In *Beam*, the parties agreed that the jury would determine liability and damages, and the issue of setoffs would be determined by the trial court. The jury found Beam's damages to be $701,371.00 and determined Beam to be 45% at fault. The trial court awarded setoffs against the jury verdict for 100% of all amounts received by Beam. We affirmed the trial court. *Beam v. Wausau Ins. Co.*, 743 N.E.2d 1188 (Ind. Ct. App. 2001), *trans. granted*. On petition to transfer, the Supreme Court held that the trial court correctly awarded the setoff against the damages awarded, but erred by reducing the damages award by the gross amount of worker's compensation benefits paid. 765 N.E.2d at 533. The Supreme Court held that the exclusion called for a reduction of damages by any amount of worker's compensation benefits received for the same element of damages insured by the policy. *Id*. Thus, the Supreme Court remanded the matter to the trial court to enter an order awarding damages reduced by 55% of the worker's compensation benefits received.

In this case, the trial court's order granting summary judgment reflects, without opinion, its agreement with AFI that the setoffs should result in a reduction from the UIM policy limits. Under the rationale of *Beam*, however, this is incorrect as a matter of law. After a determination of liability and damages, Justice's damages award should be reduced by the $25,000.00 recovery from Wagner and the percentage of worker's compensation benefits paid to Justice based upon Wagner's percentage of comparative fault, up to a maximum of $25,000.00.

Reversed and remanded with instructions.

BAKER, J., and BROWN, J., concur.